

NUMBER 13-08-00215-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BARRY HOLLAND,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.

**On appeal from the 214th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Garza**

Appellant, Barry Holland, was charged by indictment with unlawful possession of

less than one gram of cocaine, a state jail felony, in trial court cause number 08-CR-0367-

F.[1]   *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (Vernon 2003); *id.* §

---

[1] On March 20, 2008, Barry Holland was re-indicted for the underlying offense.  Included in the new indictment were two paragraphs describing Holland's prior convictions for possession of methamphetamines and unauthorized use of a vehicle.  Both of these offenses were state jail felonies.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (Vernon Supp. 2008) (listing methamphetamine in the "Penalty Group 1"), § 481.115(b) (Vernon 2003) (providing that possession of less than one gram of a substance in the "Penalty

481.102(3)(D) (Vernon Supp. 2008) (listing cocaine in the "Penalty Group 1"). The trial court found Holland guilty and sentenced him to three years' incarceration in the Institutional Division of the Texas Department of Criminal Justice ("TDCJ-ID") with no fine.[2] By three issues, Holland contends that: (1) the trial court erred "by assessing three years['] sentence in T.D.C.J.-I.D. in finding defendant guilty of the new offense and subsequent judgment revoking his prior community supervision"; (2) his trial counsel did not provide effective assistance; and (3) the trial court erred "by ruling on [his] M.T.R. [motion to revoke] at the same time, when it improperly found appellant guilty of a new offense, under issue no. 1, appearing to base [the] ruling on the M.T.R. on his guilt of the new offense." We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. State's Evidence

On the morning of February 5, 2008, Holland was driving a white Cadillac eastbound on the causeway heading towards South Padre Island, Texas. Officer Joshua Swain observed Holland "swerving on the road, going off to the side, [and] crossing the white line on the side to the right." Later, Holland made a sudden lane change without signaling. Officer Swain subsequently conducted a traffic stop.

Once he pulled the white Cadillac over, Officer Swain identified Holland as the driver of the vehicle and Raul Lerma as the passenger. Officer Swain then ran background

---

Group 1" is a state jail felony); *see also* TEX. PENAL CODE ANN. § 31.07(b) (Vernon 2006) (stating that a conviction for unauthorized use of a vehicle is a state jail felony). As a result of his prior felony convictions, Holland was subject to the punishment range associated with third-degree felonies. *See* TEX. PENAL CODE ANN. § 12.42(a)(1) (Vernon Supp. 2008) ("If it is shown . . . that the defendant has been finally convicted of two state jail felonies, on conviction the defendant shall be punished for a third-degree felony.").

[2] The punishment range for third-degree felonies is "for any term of not more than 10 years or less than 2 years." *Id.* § 12.34(a) (Vernon 2003).

checks on both of the passengers and discovered that Lerma had an outstanding warrant for his arrest for an alleged parole violation. At that time, Officer Swain called for backup. Once backup arrived, Lerma was removed from the vehicle and was immediately placed under arrest. The officers then asked Holland to step out of the vehicle so they could "conduct a search of the immediate area of Mr. Lerma, the arrested subject." Officer Patrick McMenamy performed the search of the Cadillac.

In searching the vehicle, Officer McMenamy found a clear baggie containing a white powdery substance in plain view in the vehicle's center console cup holder. Based on his training and experience, Officer McMenamy recognized the powdery substance as cocaine. At trial, Officer McMenamy testified that the baggie was within the immediate reach of both Holland and Lerma. Once the officers discovered the cocaine, both Holland and Lerma stated that the cocaine was not theirs. In any event, Holland was arrested, and both Holland and Lerma were charged with unlawful possession of a controlled substance.[3]

## B. Holland's Evidence

Holland testified that he, not Lerma, was first to be escorted out of the vehicle by police. According to Holland, the investigating police officers noted that they smelled alcohol emanating from the vehicle and that they suspected him of driving while intoxicated. Holland denied: (1) knowing there was cocaine in the vehicle; (2) touching the cocaine; and (3) that the cocaine was in plain view from where he was sitting. He stated that if he had known that the cocaine was in the vehicle, he would have tried to hide it when the police initiated the traffic stop.

---

[3] When asked whether both Holland and Raul Lerma could be charged with unlawful possession of a controlled substance, Officer Patrick McMenamy stated that "[i]t was within the immediate reach of both subjects. The passenger was right next to it and the driver was next to it. And Mr. Holland had care, custody, and control of the vehicle also."

On cross-examination, Holland alleged that the cocaine belonged to Lerma. Holland speculated that Lerma was drunk and that Lerma took the cocaine out of his pocket when the police arrested him and placed it in the center console. Holland, however, acknowledged that he never saw Lerma place the cocaine in the center console. Later, Holland admitted that: (1) he was on probation; (2) a motion to revoke his probation had been previously filed; (3) he had previously evaded arrest; (4) he had previously violated several protective orders; and (5) he had been charged with unlawful possession of controlled substances in the past.

The trial court subsequently found Holland guilty of unlawful possession of less than one gram of cocaine and sentenced him to three years' incarceration. On April 16, 2008, the trial court certified Holland's right to appeal. This appeal ensued.

## II. ANALYSIS

### A. Multifarious Points of Error

In his first issue, Holland combines several separate complaints related to the guilt phase of the trial and contends that their cumulative effect requires reversal.

A multifarious point is one that embraces more than one specific ground. *See Taylor v. State*, 190 S.W.3d 758, 764 (Tex. App.–Corpus Christi 2006), *overruled on other grounds by* 233 S.W.3d 356 (Tex. Crim. App. 2007); *see also Stults v. State*, 23 S.W.3d 198, 205 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd) (citing *McGuire v. McGuire*, 4 S.W.3d 382, 385 (Tex. App.–Houston [1st Dist.] 1999, no pet.)). While we may disregard and refuse to review multifarious points of error, we may also elect to consider them if we are able to determine, with reasonable certainty, the alleged error about which the complaint is made. *See Stults*, 23 S.W.3d at 205.

After carefully reading Holland's brief, we are unable to decipher his first complaint

with reasonable certainty. *See Cuevas v. State*, 742 S.W.2d 331, 336 n.4 (Tex. Crim. App. 1987) ("By combining more than one contention in a single point of error, appellant risks rejection on the ground nothing is present for review.") (citing *Russell v. State*, 598 S.W.2d 238, 245 (Tex. Crim. App. 1980)). Holland appears to assert at least seven separate contentions in his first appellate issue, thus constituting a multifarious point of error. Because we are unable to decipher Holland's initial complaint with reasonable certainty, we conclude that Holland has not presented anything for this Court to review in his first issue. *See id.* Accordingly, we overrule Holland's first issue.

## B. Ineffective Assistance of Counsel

By his second issue, Holland argues that his trial counsel did not provide effective assistance of counsel. Specifically, Holland contends that his trial counsel should have: (1) reviewed dispatch records pertaining to his arrest; (2) requested the videotape from the video camera in Officer Swain's patrol car; (3) emphasized the police officers' failure to initiate field sobriety tests in investigating the suspected driving while intoxicated allegation; (4) objected to the testimony of the police officers as to his prior criminal history; (5) challenged the police officers' statements that the cocaine was in plain view; and (6) emphasized that he, at the time of the arrest, was not nervous, made no furtive acts, and had no knowledge of the cocaine. Holland asserts that based on the totality of the circumstances, trial counsel's representation was deficient in accordance with *Strickland v. Washington*. *See* 466 U.S. 668, 684 (1984).

To establish ineffective assistance of counsel, appellant must show: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *See id.*; *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim.

App. 1986); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). Whether this test has been met is to be judged on appeal by the totality of representation, not by any isolated acts or omissions. *Jaynes*, 216 S.W.3d 839 at 851. The burden rests on the appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)). Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if the appellant overcomes the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). Moreover, the acts or omissions that form the basis of appellant's claim of ineffective assistance must be supported by the record. *Thompson*, 9 S.W.3d at 814; *Jaynes*, 216 S.W.3d at 851. A silent record which provides no explanation for counsel's actions usually will not overcome the strong presumption of reasonable assistance. *Thompson*, 9 S.W.3d at 813-14.

Holland's ineffective assistance claims rest primarily on his trial counsel's omission of several pieces of evidence which Holland contends were essential to his defense. In a similar case where a defendant posited an ineffective assistance claim based on the omission of evidence, the Texas Court of Criminal Appeals stated the following:

> We decline to find counsel ineffective on this basis on the record before us. As we have done many times before, we point out that the record on direct appeal is usually inadequate to address ineffective assistance claims. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Before granting relief on a claim that defense counsel failed to do something, we ordinarily require that counsel be afforded the opportunity to outline the reasons for the omission. *Id.* To warrant reversal without affording counsel

such an opportunity, the challenged conduct must be "so outrageous that no competent attorney would have engaged in it." *Id.*

*Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007). The record before us is silent as to the reasons behind the actions of Holland's trial counsel. Because Holland's trial counsel has not been afforded the opportunity to "outline the reasons for the omission[s]," we cannot say that trial counsel's performance was deficient. *See id.* Furthermore, we do not find trial counsel's performance to be "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Goodspeed*, 187 S.W.3d at 392). We therefore conclude that Holland has failed to overcome the presumption that the actions of his trial counsel fell within the wide range of reasonably professional assistance or amounted to sound trial strategy.[4] *See Strickland*, 466 U.S. at 689; *see also Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Accordingly, we overrule Holland's second issue.

## C. Motion to Revoke

In his third issue, Holland contends that the trial court erred in ruling on a motion to revoke his probation in a separate cause number—trial court cause number 06-CR-4394-F—after concluding that he was guilty in the underlying offense. Specifically, Holland argues that "the assessed punishment was more a direct result of what appears to be a

---

[4] As part of his ineffective assistance contention, Holland argues that his trial counsel should have objected to testimony provided by Officers Swain and McMenamy regarding Holland's prior criminal history. Holland asserts that he was "spurred into testifying at trial, once Pandorra's [sic] box was opened by the improper disclosure of defendant being a criminal." Indeed, the record reflects that Holland testified that he had several prior convictions for unlawful possession of controlled substances after the police officers had noted that he was a repeat offender. However, on appeal, Holland has not demonstrated how his trial counsel's alleged failure to object to this testimony resulted in the rendering of an improper judgment. *See Strickland v. Washington*, 466 U.S. 668, 684 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). Thus, we cannot say that trial counsel's alleged failure to object amounted to ineffective assistance.

concurrent proceeding with the new offense" and that he "should be given a new proceeding on the M.T.R. [motion to revoke]."

The record indicates that the trial court conducted a trial on the underlying offense in trial court cause number 08-CR-367-F on April 14, 2008. After Holland was found guilty and sentenced, the trial court conducted a hearing on a motion to revoke filed by the State in trial court cause number 06-CR-4394-F.[5] The two trial court cause numbers involved two separate offenses. In addition, the record contains two notices of appeal, both of which reference only trial court cause number 08-CR-367-F.[6] *See* Tex. R. App. P. 25.1(d)(1) (providing that a notice of appeal must "identify the trial court and state the case's trial court number and style").

"Jurisdiction concerns the power of a court to hear and determine a case." *Dears v. State*, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005) (citing *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996)). "Appellate jurisdiction is invoked by giving timely and proper notice of appeal." *Id.* (citing *White v. State*, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001)). Texas Rule of Appellate Procedure 25.2(c)(2) provides that "[n]otice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order." Tex. R. App. P. 25.2(c)(2).

In the present case, Holland neither amended his notices of appeal to include trial court cause number 06-CR-4394-F nor requested leave of this Court to amend the notices of appeal. *See id.* R. 25.1(d)(1), (f); *see also Few v. State*, 230 S.W.3d 184, 187 (Tex.

---

[5] In revoking Holland's probation and assessing punishment at 365 days in the Nueces County jail, the trial court noted that "I will allow this case to run concurrent with Cause No. 08-CR-367-F." We presume that the trial court intended that the punishment in trial court cause number 06-CR-4394-F would run concurrently with the punishment assessed in trial court cause number 08-CR-367-F.

[6] In fact, one of the notices of appeal was handwritten by Holland himself and explicitly stated that he desired to appeal trial court cause number 08-CR-367-F.

Crim. App. 2007) ("Defective notices of appeal may now be amended 'at any time before the appealing party's brief is filed[.]'") (quoting TEX. R. APP. P. 25.1(f)).  In fact, Holland's notices of appeal do not provide any notice of his intent to appeal the trial court's granting of the State's motion to revoke his probation in trial court cause number 06-CR-4394-F.[7] Because Holland's notices of appeal do not reflect an intent to appeal trial court cause number 06-CR-4394-F, we conclude that we do not have jurisdiction over Holland's complaints in that cause number.  Accordingly, we overrule Holland's third issue.

## III. CONCLUSION

Having overruled all of Holland's issues on appeal, we affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 19th day of February, 2009.

---

[7] Holland first indicates a desire to appeal trial court cause number 06-CR-4394-F in his appellate brief by noting the following: "Housekeeping:  Appellant's counsel believes that he was appointed to represent appellant in his appeal from both the new offense (No. 08-CR[-]367-F) as well as the M.T.R. proceeding (No. 06-CR[-]4394-F) having noted in Issue No. 3, that any error from the new offense probably influenced/carried over to the M.T.R proceeding."