

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00074-CR

_____

SHARON RENEA SANDERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 241st Judicial District Court
Smith County, Texas
Trial Court No. 241-1730-08

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

A jury found Sharon Renea Sanders guilty of delivery of less than one gram of cocaine.[1]

After finding the two enhancement paragraphs in the indictment true, the jury assessed twenty years'

imprisonment and a $10,000.00 fine. Sanders's sole point of error on appeal alleges she received

ineffective assistance of counsel when her trial attorney failed to object to the State's closing

argument urging the jury to calculate parole eligibility in determining Sanders's sentence. Because

the State's comments could be considered proper jury argument, alleviating the need for counsel to

object, we affirm Sanders's conviction.

The questioned statements made by the State included the following:

And the range is anywhere from two years to 20 years.

Now, there's a lot of language in this charge about you cannot consider essentially the parole laws in fixing the punishment in the case. Okay. But you're entitled to know about them. Now, when you look at the parole laws in this case this is what we essentially would call a quarter time offense. So if you were to return a verdict in this case of 20 years['] confinement -- and that's what we're asking you to do -- the defendant, depending on her good conduct time, would be eligible for parole after she does five years. So, again, eligible for parole after a quarter of the time of whatever y'all assess her. And a quarter of the time of a 20 year sentence would make her eligible in about five years.

Now, the reason y'all can't go back there and say well 16 and 14 that's -- we don't control it. You know, those are decisions made by individuals that are independent of us.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

. . . .

Well, there's no way we can control it. That's why technically you're entitled to know about it, but you can't use it as a guide.

## I.    Standard of Review

Any allegation of ineffectiveness must be firmly founded in the record received by this Court. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Sanders bears the burden of proving that counsel was ineffective by a preponderance of the evidence. *Cannon v. State*, 252 S.W.3d 342, 348–49 (Tex. Crim. App. 2008); *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813. We apply the two-pronged *Strickland* test handed down by the United States Supreme Court to determine whether Sanders received ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). Stated succinctly, the first prong of the *Strickland* test is a determination that counsel's performance was deficient and the second prong is a determination that there is a reasonable probability that, but for the deficient performance, the outcome of the proceeding would have been different. *Ex parte Imoudu*, No. AP-75,964, 2009 Tex. Crim. App. LEXIS 730 (Tex. Crim. App. June 3, 2009). Failure to satisfy either prong of the *Strickland* test is fatal. *Ex parte Martinez*, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006). Thus, we need not examine both *Strickland* prongs if one cannot be met. *Strickland*, 466 U.S. at 697.

Sanders must show counsel's performance fell below an objective standard of reasonableness when considering prevailing professional norms. *Id.* at 687–88. "This requires a showing that

3

counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Ex parte Nailor*, 149 S.W.3d 125, 130 (Tex. Crim. App. 2004) (quoting *Strickland*, 466 U.S. at 687). Our review of counsel's performance is highly deferential. *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that the challenged action could be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *White*, 160 S.W.3d at 51; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Therefore, we will not second guess the strategy of counsel at trial through hindsight. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); *Hall v. State*, 161 S.W.3d 142, 152 (Tex. App.—Texarkana 2005, pet. ref'd). Where the record is silent as to why counsel failed to make an objection or take certain actions, we will assume it was due to any strategic motivation that can be imagined, and the appellant will have failed to rebut the presumption that trial counsel's actions were in some way reasonable. *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *Garcia v. State*, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001); *Fox v. State*, 175 S.W.3d 475, 485–86 (Tex. App.—Texarkana 2005, pet. ref'd). In other words, we will not conclude the challenged conduct deficient unless it was so outrageous that no competent attorney would have engaged in it. *Thompson*, 9 S.W.3d 808; *Fox*, 175 S.W.3d at 485–86.

Next, it is not enough for Sanders to show that the errors had some conceivable effect on the outcome of the proceeding. *Strickland*, 466 U.S. at 693. To meet the second prong of the *Strickland*

4

test, she must show that the deficient performance damaged her defense such that there was a reasonable probability the result of the trial would have been different. *Id.*; *Tong*, 25 S.W.3d at 712. We evaluate this factor while taking into consideration the totality of representation and the particular circumstances of this case. *Thompson*, 9 S.W.3d at 813; *Ex parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991).

## II.   Statements Made by the State Were Proper

In accordance with Article 37.07 of the Texas Code of Criminal Procedure, the trial court's punishment charge stated:

> It is possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.
>
> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, she will not become eligible for parole until the actual time served, without consideration of any good conduct time she may have, equals one-quarter of the sentence imposed. Eligibility for parole does not guarantee that parole will be granted.
>
> It cannot be accurately predicted how the parole law and good conduct time might be applied to this defendant if [she] is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.
>
> You may consider the existence of the parole law and good conduct time. . . . .You are not to consider the manner in which the parole law may be applied to this particular defendant.

*See Byrd v. State*, 192 S.W.3d 69, 71 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *see also* TEX. CODE CRIM. PROC. ANN. art. 37.07 (Vernon Supp. 2008).

5

We recently addressed the meat of Sanders's complaint in an opinion entitled *Ruiz v. State*, No. 06-08-00136-CR, 2009 WL 36670 (Tex. App.—Texarkana Jan. 8, 2009, no pet.) (mem. op., not designated for publication); *see also Johnson v. State*, No. 06-04-00038-CR, 2004 WL 2826815, at *2–3 (Tex. App.—Texarkana Dec. 10, 2004, no pet.) (not designated for publication) (holding counsel's failure to object to State's argument regarding parole law was not ineffective assistance of counsel). In *Ruiz*, the State made the jury argument that if a person was sentenced to twenty years' imprisonment, a quarter of that time was five years, and they would be eligible for parole. *Id.* at *3. As clarified in *Ruiz*, the State may explain the existence of parole law. *Taylor v. State*, 233 S.W.3d 356, 358 (Tex. Crim. App. 2007); *see also Taylor v. State*, 911 S.W.2d 906, 911–12 (Tex. App.—Fort Worth 1995, pet. ref'd) (State's jury argument that "if a person is sentenced to 20 years . . . then they become eligible to be considered for release on parole after one quarter, which is five" merely discussed the trial court's charge and was proper.).

This issue has also been decided by the Texas Court of Criminal Appeals. *Taylor*, 233 S.W.3d at 358. In *Taylor*, the trial court's jury charge tracked the parole language employed by the trial court in this case. *Id*. During closing argument, the State argued, "A 40-year sentence means the defendant becomes eligible for parole after serving 20 years. . . . A 60-year sentence means he becomes eligible after 30 years. A sentence of life or 75 still means he becomes eligible after 30 years." *Id*. The Texas Court of Criminal Appeals held this argument was proper because the State "did not convey any information beyond what was properly contained in the charge when he

6

explained how the parole eligibility rules set out in the charge worked with forty, sixty and seventy-five year sentences." *Id.*

Our sister courts have also decided this issue against Sanders's interests. In *Sanchez v. State*, No. 07-06-0435-CR, 2008 WL 2405889, at *1 (Tex. App.—Amarillo June 13, 2008, no pet.) (mem. op., not designated for publication), the defendant complained the State's argument that the jury would "see that the only protection of the community that you can be assured of would be half of whatever you send him," and the State's calculation if "you send him for 40 years, he would only be there for 20," was an "attempt to inappropriately apply the parole law" to the defendant. *Id*. at *2. The Amarillo court of appeals held defendant's counsel was not ineffective in failing to object because the State committed no error since the language regarding parole during jury argument merely tracked the trial court's jury charge. *Id.* at *2–3.

Here, as in *Ruiz*, *Taylor*, and *Sanchez*, the State merely tracked the language in the jury charge and explained the application of the parole formula. As such, no error was committed. Because the State did not commit error, counsel was not obligated to object to statements regarding parole.

### III. Conclusion

We affirm the trial court's judgment.

_____Bailey C. Moseley
Justice

Date Submitted:      July 16, 2009
Date Decided:        July 24, 2009

Do Not Publish