Jeffery Edward TAYLOR, Appellant

v.

The STATE of Texas.

No. PD–1126–06.

Court of Criminal Appeals of Texas.

Sept. 12, 2007.

---

29. *Id.,* at 565.

30. *Monreal,* 923 S.W.2d, at 65.

Vivian R. King, Houston, for Appellant.

Bridget Holloway, Assistant District Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

KELLER, P.J., delivered the opinion of the Court, in which JOHNSON, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ. joined.

Appellant was charged by indictment with the first-degree felony offense of aggravated robbery. The indictment also alleged a prior felony conviction for enhancement purposes. The jury charge included statutorily required parole instructions, which set out parole eligibility rules for certain types of offenders.[1] The prosecutor addressed these parole instructions in his closing argument.[2] At issue here is

---

1. TEX.CODE CRIM. PROC., Art. 37.07, § 4(a).

2. This case was before us on a different issue previously, and at that time we reversed the judgment of the court of appeals and remanded the case to that court for further proceedings. *Taylor v. State*, 109 S.W.3d 443 (Tex. Crim.App.2003).

whether it was improper for him to explain how these parole eligibility rules applied to certain sentences, and also whether he stepped over the line by incidentally referring to "the defendant" and "he" in his explanation. We answer these questions "no," and consequently, we reverse the judgment of the court of appeals.

In accordance with statute, the jury charge provided in relevant part:

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the

extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.[3]

During closing argument at the punishment phase of trial, the prosecutor argued as follows:

Now, let me stop and talk to you about the charge for just a moment so that you can—you probably do understand already, but the Judge mentioned to you that as far as parole eligibility that the defendant becomes eligible for parole after he serves one-half of the sentence imposed or thirty years. Let me explain that to you for just a moment. Let's say a sentence of 40 years—

[Defense objects; objection overruled].[4]

A 40-year sentence means the defendant becomes eligible for parole after serving 20 years.

[Defense asks for, and receives, an objection "continued by reference"].

A 60-year sentence means he becomes eligible after serving 30 years. A sentence of life or 75 still means he becomes eligible after 30 years. So, why would I ask you for life and a $10,000 fine if he becomes eligible at the same point—

[Defense again asks for, and, receives an objection "continued by reference"].[5]

---

3. *See* Art. 37.07, § 4(a). The jury instructions omitted (presumably because it was inapplicable) the following sentence in the statutorily-prescribed instruction: "If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole."

4. Outside the presence of the jury, defense counsel objected that the prosecutor was arguing parole eligibility "to the jury in such a way that he's causing the jurors to use this in determining how they are going to punish him." The prosecutor denied that he was

going to tell the jury "to consider how it is done in this particular case."

5. After the objection, the prosecutor resumed argument as follows: "I want you to think about the facts of this case. And I want you to focus on the last half hour of Dennis Haas's life and maybe—actually the last five minutes. I suggest to you that alone would justify a verdict sending that type of message...." No objection was made to this portion of the argument.

Appellant was sentenced to fifty years in prison and a $10,000 fine.

Appellant complained on appeal that the prosecutor's argument was improper and that the trial court erred in overruling appellant's objections. The court of appeals agreed, holding that the prosecutor's argument constituted an improper application of parole law to the defendant.[6] The appellate court observed that "the prosecutor's remarks were directed to 'the defendant' and when 'he' would become eligible for parole."[7] The court held that "[s]uch personalized references are improper."[8] Finding the alleged argument error to be harmful, the court of appeals affirmed the conviction, but reversed the trial court's judgment with respect to the sentence and remanded the case for a new punishment hearing.[9]

■ On discretionary review, the State contends that the argument was not improper, and it complains about various aspects of the lower appellate court's harm analysis. We agree that most of the prosecutor's argument was not improper. Article 37.07 § 4(a) requires that the jury be given certain instructions that include information about parole eligibility.[10] Just a few years ago, in another case from the Corpus Christi Court of Appeals,[11] we addressed a prosecutor's reference to parole eligibility. In *Hawkins v. State,* we explained that "[i]t was not improper for the prosecutor to accurately restate the law given in the jury charge."[12] In the case before us, the prosecutor did not convey

any information beyond what was properly contained in the charge when he explained how the parole eligibility rules set out in the charge worked with forty, sixty and seventy-five year sentences. The explanation simply ensured that the jury understood the language set out in the instructions. Nor do we ascribe any significance to the prosecutor's passing use of the words "defendant" and "he" in the course of giving his explanation. The statutory instruction itself uses the words "defendant" and "he" when describing the rules of parole eligibility.[13] Nothing in this case indicates that the prosecutor's explanations went beyond an attempt to clarify the meaning of the jury instructions.

■ The only remaining portion of the prosecutor's argument that may have been objectionable was the question at the end of the colloquy: "So, why would I ask you for life and a $10,000 fine if he becomes eligible at the same point?" Assuming *arguendo* that this portion of the argument was improper, it was clearly harmless because appellant was sentenced to only fifty years.

We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

WOMACK, J. filed a concurring opinion in which MEYERS and PRICE, JJ. joined.

6. *Taylor v. State,* 190 S.W.3d 758, 766 (Tex. App.-Corpus Christi 2006).

7. *Id.*

8. *Id.*

9. *Id.* at 766–68. The court of appeals addressed and overruled all of appellant's other previously unaddressed points of error. *Id.* at 761–65.

10. *See* footnote 3 and preceding text.

11. *Hawkins v. State,* 99 S.W.3d 890 (Tex.App.-Corpus Christi 2003).

12. 135 S.W.3d 72, 84 (Tex.Crim.App.2004).

13. *See* footnote 1 and preceding text.

WOMACK, J. filed a concurring opinion in which MEYERS and PRICE, JJ. joined.

I think the reason that there was no error in this case was given in a concurring opinion of Justice Frost of the Fourteenth Court of Appeals,[1] which was based on decisions of this court. It said, in part:

[I]n cases involving an article 37.07, section 4(a) jury instruction, the jury may base its assessment of punishment in part on consideration of a sentenced defendant's parole eligibility under the formula contained in the instruction; however, a jury may not base its assessment of punishment on speculation as to when, if ever, the defendant may be released on parole after becoming eligible for parole. *See Ross [v. State],* 133 S.W.3d [618 (Tex.Cr.App.2004)] at 623–24; *Turner [v. State],* 87 S.W.3d [111 (Tex.Cr.App.2002)] at 116–17; *Dumesnil [v. State],* (Tex.App.Houston [14th Dist.] Jan. 17, 2002, no pet.), 2002 WL 58825, at \*5–7 (indicating this construction of article 37.07, section 4(a) in determining appellant suffered egregious harm as a result of trial court's use of article 37.07, section 4(a) instruction stating that defendant would be eligible for parole after serving one-fourth of his sentence or fifteen years, whichever is less, in case in which defendant would not actually be eligible for parole until he had served one-half of his thirty-year sentence, whichever is less). Therefore, the jury instruction in article 37.07, section 4(a) that the jury is "not to consider the manner in which the parole law may be applied to this particular defendant" refers to speculation about when, if ever, this particular defendant might be released on parole. It does not refer to the jury's consideration of a sentenced defendant's parole eligibility under the formula contained in the instruction.[2]

---

1. *Byrd v. State,* 192 S.W.3d 69, 72 (Tex.App.-Houston [14th Dist.] 2006, pet. ref'd).

