NUMBER 13-07-00520-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

SHARONICA DILWORTH, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 24th District Court


of Jackson County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Garza, and Vela


Memorandum Opinion by Justice Garza



 Appellant, Sharonica Dilworth, was found guilty of intentionally or knowingly causing
serious bodily injury to a child, a first-degree felony. See Tex. Penal Code Ann. §
22.04(a)(1), (e) (Vernon Supp. 2008). Dilworth was sentenced to 65 years' imprisonment
and was assessed a $10,000 fine. She now appeals her conviction, contending by two
issues that the prosecutor engaged in misconduct, and by one issue that the court erred
in denying her counsel the opportunity to voir dire the jury on the issue of punishment. We
affirm.

I. Background

 On May 29, 2007, a Jackson County grand jury indicted Dilworth on four counts of
causing serious bodily injury to a child. (1) See id. On July 30, 2007, Dilworth filed a timely
sworn motion for community supervision, entitled "Application for Community Supervision
From The Jury." See Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e) (Vernon Supp. 2008). 
The motion read in its entirety as follows:

APPLICATION FOR COMMUNITY SUPERVISION FROM THE JURY


TO THE HONORABLE JUDGE OF SAID COURT:


 Now comes Sharonica Dilworth, Defendant in the above entitled and
numbered cause, before the trial of this case has begun, and, as required by
law, files this Application for Community Supervision and moves that, in the
event of conviction, Sharonica Dilworth be granted community supervision
in said cause, and in support of this motion, Sharonica Dilworth shows the
following:


 Sharonica Dilworth has never before been convicted of a felony in the
State of Texas or any other State.


 WHEREFORE, PREMISES CONSIDERED, Sharonica Dilworth prays
that community supervision be granted for whatever punishment may be
assessed in this cause in the event that Sharonica Dilworth is convicted.


 During pre-trial proceedings on July 30, 2007, Dilworth's counsel suggested to the
trial court that the motion for community supervision served as an election to have the jury
assess punishment, and consequently that voir dire was necessary as to the issue of
punishment. The trial court, ruling that Dilworth did not meet the requirements of section
2(b) of article 37.07 of the Texas Code of Criminal Procedure, found that no proper election
was made to have the jury determine punishment. See id. art. 37.07, § 2(b) (Vernon Supp.
2008). Dilworth's counsel was therefore denied the opportunity to conduct voir dire on the
issue of punishment.

 Prior to the commencement of trial on July 31, 2007, the prosecutor indicated that
he would be willing to consent to Dilworth's election to go to the jury for punishment if she
waived any objection with regard to the fact that voir dire had not been conducted on the
issue of punishment. See id. (stating that "[i]f a finding of guilty is returned, the defendant
may, with the consent of the attorney for the state, change his election of one who
assesses the punishment"). Specifically, the following exchange occurred:

[State's attorney]: . . . Having reflected on it last night, I'm agreeing,
if the Defense wants to, I'll agree to let them
change their election to go to the jury, provided
that they agree on the record that they have no
objection to the fact that the jury wasn't voir dired
on probation; that if they do have objection to
that then, of course, I will not withdraw my letting
them use the election, because I don't think it
would be fair to let them have what they want but
then at the same token let them have an avenue
of appeal. So with that stipulation the State
would--with those stipulations the State would
withdraw any objection to the defendant
changing her election to go to the jury for
punishment.


THE COURT: [Dilworth's attorney]?


[Dilworth's attorney]: And we're not going to--we have no objection to
the jurors not being voir dired on the punishment
phase.


THE COURT: So you're waiving any objection that might arise
from that?


[Dilworth's attorney]: Yes, Your Honor.


THE COURT: And do you state now, because I don't want to
do this again--


[Dilworth's attorney]: Yes, Your Honor.


THE COURT: --are you going to the jury for punishment?


[Dilworth's attorney]: Yes, Your Honor. On the record, we are going to
the jury for punishment.


 On August 3, 2007, the jury found Dilworth guilty of causing serious bodily injury to
a child by act or omission. (2) See Tex. Penal Code Ann. § 22.04(a)(1), (e). At the
punishment phase of the trial, which was conducted before the jury, the prosecutor stated
the following as part of his closing argument:

 You know, sometimes as your prosecutor of trying these cases and
with defendants having so many rights, I feel like I'm trying to hold the ocean
back with a broom or sweep the sun off the porch with a broom. They've got
so many rights. I understand. You know, before I completely despair I think,
wait a minute, Bobby, they've got to go through a jury. Before they just get
to run roughshod on this, they're going to have to face a jury who will make
the ultimate decision.


 . . . .


 I try not to get the Bible out and thump it, and I'm not, but, also, my
faith is important to me. You know - and I know that when you're sitting
there God knows you're thinking come on, Bobby, are we really going to
have anything to say about - will this really deter anybody? Well, think of it
like this. I think it's in James. No, I know it's in James 3, 2 to 4. It says: 
God said that a small bit in the mouth of a horse can turn that horse - that
large horse. And a tiny rutter [sic] can turn a huge ship. And I promise you,
people listen. And your verdict can and will deter people.


 . . . .


 You know, in Matthew it says that should anyone injure one of these
little ones of mine, Jesus said, better that he would have a millstone around
his neck and be cast into the sea. That's the severity of this type of crime.


 And I promise you this. As your prosecutor in handling these types of
cases, you'll never have in this county law and order until you have severity
of sentence. It won't happen. A lot of prosecutors won't get up here and talk
to juries like this because it takes a lot of courage to do what you're doing.


 . . . .


 I'm your prosecutor. Every day I have defense lawyers coming to me,
"Well, Mr. Bell, what will you give me for this crime, what will you give me for
this crime?" I feel like Monte [sic] Hall and Let's Make A Deal. I'll tell you
this, though. I listen to you. Make no mistake about it, I listen to you. If you
tell me that people who abuse children, defenseless little babies, then cover
it up and are more concerned about themselves, if you want them to get light
verdicts, probation, whatever, I'll listen to you. I don't believe that. I will
listen to you. The next time that this happens I'll say no, I have presented
this type of case and the jury told me this is what they want. And I'll dig my
heels in the sand and if it means having a trial and taking up your week, I'll
do it, because it's by God the right thing to do.


 Following the punishment hearing, the jury assessed Dilworth's punishment at 65
years' confinement in the Institutional Division of the Texas Department of Criminal Justice,
and a $10,000 fine. The trial court certified Dilworth's right to appeal on August 23, 2007,
and this appeal followed.

II. Discussion

A. Prosecutorial Misconduct and Constitutional Error

 By her first two issues, Dilworth claims that: (1) the prosecutor's references to the
Bible during the punishment phase of the trial violated the Establishment Clause of the
First Amendment to the United States Constitution, see U.S. Const. amend. I, and the
corresponding provision of the Texas Constitution, see Tex. Const. art. I, § 6; and (2) the
prosecutor's statement with regard to defendants' rights deprived her of a fair and impartial
trial.

 In order to preserve error in cases of prosecutorial misconduct, the defendant must
(1) make a timely and specific objection, (2) request an instruction that the jury disregard
the matter improperly placed before it, and (3) move for a mistrial. Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996). Here, Dilworth's trial counsel failed to object to
either the prosecutor's references to the Bible or his statement with regard to defendants'
rights. The State contends that Dilworth waived this issue because her trial counsel did
not object to the statements when they were made. (3)

 Dilworth argues that the issue is not waived because the alleged error was
fundamental. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (if no
proper objection made at trial and the accused must claim that the error was
"fundamental," he will obtain a reversal only if the error is so egregious and created such
harm that he "has not had a fair and impartial trial"). Dilworth further argues that the
prosecutor's references to the Bible amounted to "structural" error, rendering the trial
fundamentally unfair and obviating the need for her trial counsel to object. However, she
does not cite authority supporting this contention.

 Dilworth does cite Lucero v. State, 246 S.W.3d 86, 89 (Tex. Crim. App. 2008), in
which the Texas Court of Criminal Appeals considered whether it was structural error for
the trial court to have denied the defendant an evidentiary hearing on his motion for new
trial based on the jury's reading of Biblical scripture during the punishment-phase
deliberations. The court found that any error was harmless because the record revealed
no "reasonable grounds" for concluding that the Bible references affected the jury's verdict. 
Id. at 95 (citing Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003) (defendant
is entitled to hearing on motion for new trial to make a record of matters not determinable
from the record if the defendant establishes the existence of "reasonable grounds" showing
that the defendant "could be entitled to relief")). Dilworth also cites Granados v. State, 85
S.W.3d 217, 234-36 (Tex. Crim. App. 2002), in which the court of criminal appeals
considered whether the trial court erred in denying the defendant's motion for mistrial
based on a juror's request to read Bible passages to the jury. The trial court denied the
juror's request, and Granados then asked the trial court to inquire as to whether the juror
had already concluded that the defendant would receive the death penalty. Id. at 234-35. 
The court denied the request, "saying that it would be improper and unconstitutional to
instruct jurors that they cannot consult books of faith in times of spiritual need." Id. at 235. 
Finally, Dilworth cites Duggan v. State, 778 S.W.2d 465, 468 (Tex. Crim. App. 1989), for
the following proposition:

As a trustee of the State's interest in providing fair trials, the prosecutor is
obliged to illuminate the court with the truth of the cause, so that the judge
and jury may properly render justice. Thus the prosecutor is more than a
mere advocate, but a fiduciary to fundamental principles of fairness.


Id. (citing Berger v. United States, 295 U.S. 78, 88 (1935)). Dilworth claims that "the
prosecution denigrated the rights of the accused," and that a fundamental error therefore
occurred.

 Neither Lucero, Granados, nor Duggan support Dilworth's contention that the
prosecutor's references to the Bible or comments on defendants' rights amounted to
structural or fundamental error. Nor do they support her contention that those statements
violated her constitutional rights. Dilworth's first two issues are overruled.

B. Waiver of Voir Dire on Punishment

 By her third issue, Dilworth contends that the court erred by not giving her trial
counsel the opportunity to voir dire the jury on the issue of punishment. Specifically,
Dilworth argues that the trial court erred when it ruled that the document she filed prior to
trial, entitled "Application for Community Supervision From The Jury," did not serve as a
valid election to have the jury assess punishment under section 2(b) of article 37.07 of the
Texas Code of Criminal Procedure. (4) The State contends that Dilworth waived this issue. 
Without determining whether Dilworth's "Application for Community Supervision From The
Jury" served as an effective election to have the jury assess punishment, we agree with
the State that Dilworth waived the issue.

 As noted, neither party conducted voir dire on the issue of punishment due to the
trial court's determination that Dilworth had not properly elected to go to the jury for
punishment. The State's attorney later offered to consent to go to the jury for punishment
on the condition that Dilworth waive any objection she may have had to her lack of an
opportunity to voir dire the jury on that issue. Dilworth's attorney agreed to the bargain,
stating expressly that "we have no objection to the jurors not being voir dired on the
punishment phase." Dilworth now claims that "[s]he did not on the record waive the right
to voir dire on punishment and did not on the record understand the right she waived." 
However, Dilworth does not point to any authority indicating that her trial counsel lacked
the authority to waive this objection. See Tex. R. App. P. 38.1(h).

 We conclude that Dilworth's trial counsel effectively waived any objection she may
have had to her lack of an opportunity to voir dire the jury on the issue of punishment. 
Accordingly, her third issue is overruled.

III. Conclusion

 The judgment of the trial court is affirmed.



 DORI CONTRERAS GARZA,

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and

filed this the 4th day of December, 2008.
1. The indictment contained four counts, with each count consisting of two paragraphs. The first count
alleged that Dilworth knowingly or intentionally caused bodily injury to a child, J.S.; the second count alleged
that Dilworth did so recklessly; the third count alleged that Dilworth did so with criminal negligence. See Tex.
Penal Code Ann. § 22.04(a)(1) (Vernon Supp. 2008) (providing that a person commits an offense if she
intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly
by omission causes serious bodily injury to a child). The first paragraph of each of the first three counts
alleged that Dilworth threw the child from the stairs, dropped the child from the stairs, and allowed the child
to fall from the stairs, respectively. The second paragraph of each of the first three counts alleged that
Dilworth caused serious bodily injury to J.S. "by a manner and means unknown to this Grand Jury."


 The fourth count alleged that Dilworth caused serious bodily injury to J.S. by omission while, as the
child's mother, she had a legal and statutory duty to protect and provide medical care to the child. See id. §
22.04(b) (Vernon Supp. 2008) (providing that an omission causing serious bodily injury to a child is an offense
if the actor has a legal or statutory duty to act). The first paragraph of the fourth count alleged that Dilworth
intentionally or knowingly failed to provide medical care; the second paragraph alleged that Dilworth recklessly
failed to do so.
2. The jury charge only asked whether Dilworth was guilty of: (1) the offense alleged in the second
paragraph of Count 1 of the indictment; or (2) the offense alleged in the first paragraph of Count 4 of the
indictment.
3. The State also urges that Dilworth's first issue is multifarious and therefore presents nothing for
review. In response, Dilworth argues that the current appellate rules do not permit a court to overrule an issue
or point of error as multifarious, citing Chimney v. State, 6 S.W.3d 681, 688 (Tex. App.-Waco 1999, pet.
ref'd), for this proposition. However, we have held since Chimney that multifarious points present nothing for
review. See Taylor v. State, 190 S.W.3d 758, 764 (Tex. App.-Corpus Christi 2006), rev'd on other grounds,
233 S.W.3d 356 (Tex. Crim. App. 2007); see also Thieleman v. State, No. 13-03-570-CR, 2006 Tex. App.
LEXIS 9458, at *24 (Tex. App.-Corpus Christi Oct. 26, 2006, pet. ref'd) (not designated for publication). 
Nevertheless, we may elect to consider multifarious issues if we are able to determine, with reasonable
certainty, the alleged error about which the complaint is made. Stults v. State, 23 S.W.3d 198, 205 (Tex.
App.-Houston [14th Dist.] 2000, pet. ref'd); see also Cadena v. State, No. 13-03-485-CR, 2004 Tex. App.
LEXIS 6842, at *2 (Tex. App.-Corpus Christi July 29, 2004, no pet.) (mem. op., not designated for
publication). Because the alleged error to which Dilworth objects is clear, we elect to address her first issue.
4. Section 2(b) of article 37.07 of the Texas Code of Criminal Procedure provides:


Except as provided by Article 37.071 or 37.072, if a finding of guilty is returned, it shall then
be the responsibility of the judge to assess the punishment applicable to the offense;
provided, however, that (1) in any criminal action where the jury may recommend community
supervision and the defendant filed his sworn motion for community supervision before the
trial began, and (2) in other cases where the defendant so elects in writing before the
commencement of the voir dire examination of the jury panel, the punishment shall be
assessed by the same jury, except as provided in Section 3(c) of this article and in Article
44.29. If a finding of guilty is returned, the defendant may, with the consent of the attorney
for the state, change his election of one who assesses the punishment.


Tex. Code Crim. Proc. Ann. art. 37.071 (Vernon Supp. 2008).