ACCEPTED
03-14-00236-CR
3768167
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/14/2015 2:24:22 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00236-CR

IN THE COURT OF APPEALS

OF THE THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/14/2015 2:24:22 PM
JEFFREY D. KYLE
Clerk

-------------------------

KEVIN TODD HARDIN,
Appellant

v.

THE STATE OF TEXAS
Appellee

-------------------------

Appeal in Cause No. 41725 in the
424th Judicial District Court of Burnet County, Texas

-------------------------

## *Brief For Appellee*

-------------------------

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS
Wiley B. McAfee, District Attorney
P. O. Box 725, Llano, Texas 78643
Telephone      Telecopier
(325) 247-5755    (325) 247-5274
g.bunyard@co.llano.tx.us

By: Gary W. Bunyard
    Assistant District Attorney
    State Bar No. 03353500
    ATTORNEY FOR APPELLEE

January 14, 2015

## *Oral Argument Requested*

## *Identity Of The Parties*

Trial Court

        Honorable Daniel H. Mills
        424th Judicial District
        Burnet County Courthouse Annex (North)
        1701 East Polk St., Suite 74
        Burnet, TX 78611

State/Appellee

        Richard Crowther        (Trial Counsel)
        Assistant District Attorney
        P. O. Box 725
        Llano, Texas 78643
        (325) 247-5755
        State Bar No. 05174200

        Blake Ewing        (Trial Counsel)
        Assistant District Attorney
        P. O. Box 725
        Llano, Texas 78643
        (325) 247-5755
        State Bar No. 24076376

        Gary W. Bunyard        (Appellate Counsel)
        Assistant District Attorney
        P. O. Box 725
        Llano, Texas 78643
        (325) 247-5755
        State Bar No. 03353500
        g.bunyard@co.llano.tx.us

Appellant

Michelle Moore                    (Trial Counsel)
Public Defender
1008 N. Water St.
Burnet, TX 78611
(512) 234-3061
State Bar No. 00798294

Michael Watson                    (Trial Counsel)
Assistant Public Defender
1008 N. Water St.
Burnet, TX 78611
(512) 234-3061
State Bar No. 24060804

Tracy D. Cluck                    (Appellate Counsel)
Attorney at Law
1450 West Hwy 290, #855
Dripping Springs, TX 78620
(512) 264-9997
State Bar No. 00787254
tracy@tracyclucklawyer.com

Kevin Todd Hardin                 (Appellant)
TDCJ #01920319
SID #03046239
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

# Table Of Contents

Page

Index of Authorities........................................................... vi

Statement of the Case........................................................ 2

Statement on Oral Argument.............................................. 2

Response to Issues Presented............................................. 3

Statement of the Facts........................................................ 4

Summary of the Argument - Response to Issue No. 1.................. 7
      The trial court properly denied Appellant's objection to the Prosecutor's jury argument because the argument was based on the evidence admitted, reasonable deductions therefrom, an explanation and clarification of the trial court's instructions on parole, and a plea for law enforcement.

Argument on Response to Issue No. 1..................................... 8

Prayer for Relief................................................................ 16

Certificate of Word Count................................................... 17

Certificate of Service......................................................... 17

# *Index Of Authorities*

Case Law                                        Page

Branch v. State, 335 S.W.3d 893, 906 (Tex. App. -
  Austin 2011, *pet. ref'd*).................................................... 12, 13, 16

Brown v. State, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008).... 8

Cantu v. State, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997)..... 8

Hawkins v. State, 135 S.W.3d 72 (Tex. Crim. App. 2004).......... 10, 15

Martinez v. State, 17 S.W.3d 677, 692-93
  (Tex. Crim. App. 2000)....................................................... 8

Taylor v. State, 233 S.W.3d 356 (Tex. Crim. App. 2007)............ 11, 15

Constitutions

None cited

Statutes/Rules

TEX. R. APP. P. 44.2(b)......................................................... 8

TEX. CODE CRIM. PROC. Art. 37.07 Sec. 4 ( c)..................... 9

NO. 03-14-00236-CR

IN THE

COURT OF APPEALS

OF THE THIRD DISTRICT OF TEXAS

------------------------

KEVIN TODD HARDIN,
                                        Appellant

v.

THE STATE OF TEXAS
                                        Appellee

------------------------

Appeal in Cause No. 41725
in the 424th Judicial District Court of
Burnet County, Texas

------------------------

## *Brief For Appellee*

To The Honorable Justices Of Said Court:

Now comes the State of Texas, hereinafter called Appellee, and submits this

brief pursuant to the provisions of the Texas Rules of Appellate Procedure in support

of the State's request affirm the judgment of the trial court.

## Statement Of The Case

Appellant has adequately described the Statement of the Case.

## Statement on Oral Argument

The undersigned requests Oral Argument. While the undersigned does not believe that Oral Argument will be beneficial for this case for the reason that the issues are straight forward and lack any novel or complex nuances, Appellant has requested Oral Argument. Should the Court believe that Oral Argument will assist the Court in any way, the undersigned will gladly accommodate the Court.

## *Response To Issues Presented*

Response To Issue One:  The trial court properly denied Appellant's objection to the Prosecutor's jury argument because the argument was based on the evidence admitted, reasonable deductions therefrom, an explanation and clarification of the trial court's instructions on parole, and a plea for law enforcement.

# Statement Of The Facts

Appellant has not fully described the facts of this case.

Appellant was indicted for the third degree offense of Evading Arrest or Detention with a Motor Vehicle. CR Vol. 1 Page 4. The Indictment further alleged two prior sequential convictions that, if found to be true, enhanced the punishment range to that of an habitual offender, 25 years to 99 years or Life imprisonment. CR Vol 1 Pages 4 - 5.

On April 23, 2013, Granite Shoals Police Officer John Ortiz was on routine patrol when he observed Appellant driving on South Phillips Ranch Road at 4:00 a.m. traveling at a high rate of speed in a 30 m.p.h. zone. RR Vol. 3 Pages 15 - 17. Officer Ortiz was able to catch up to Appellant sufficiently to record Appellant's speed to be 51 m.p.h. RR Vol. 3 Pages 17 - 18. Officer Ortiz activated his blue and red lights to effect a traffic stop of Appellant for speeding. RR Vol. 3 Page18. Instead of stopping Appellant accelerated to speeds beyond 60 m.p.h. and made attempts to flee from Officer Ortiz. RR Vol. 3 Pages 18 - 22. On two occasions during the chase Officer Ortiz was able to see the driver of the vehicle such that he was able to recognize that the driver was Appellant. RR Vol. 3 Pages 19 - 20. Appellant's vehicle eventually became stuck at which time Appellant abandoned his vehicle and

4

fled on foot.   RR Vol. 3 Page 22.   Officer Ortiz was able to locate and detain

Appellant at a carport about 150 yards from his abandoned vehicle.   Vol. 3 Page 22.

Upon  the conclusion of the testimony of Officer Ortiz the State rested.   RR

Vol. 3 Page 44.   Appellant rested without presenting any evidence.   RR Vol. 3 Page

45.   After deliberations the jury returned a verdict of Guilty to the offense of evading

arrest or detention with a vehicle.   CR Vol. 1 Page 48.

Appellant elected to have the jury assess punishment in the event he was found

Guilty.   RR Vol. 2 Page 23.   At the beginning of the punishment phase Appellant

plead Not True to both of the enhancement allegations.   RR Vol. 4 Pages 7 - 8.   The

prosecutor called one witness, a fingerprint expert, to prove up not only the pen packs

related to each of the enhancement paragraphs, but also certified judgments regarding

three other convictions, a misdemeanor Failure to Identify and two state jail felony

Thefts.   RR Vol. 4 Pages 10 - 17; RR Vol. 5 State's Exhibits 10, 11, 12, 13, and 14.

During the punishment phase Appellant called two witnesses, Appellant's

brother (RR Vol. 4 Page 19) and Appellant's mother (RR Vol. 4 Page 32).   Each

witness described Appellant as being a good person whose problem was an addiction

to drugs and alcohol and who needed treatment rather than prison.   RR Vol. 4 Pages

21 - 27, 33 - 38.   On cross-examination Appellant's brother acknowledged that

Appellant had been convicted of DWI in 1982, Criminal Mischief in 1984, Assault in

1985, and Theft in 1992 in addition to the other convictions addressed by the State's expert witness.   RR Vol. 4 Pages 27 - 28.

During closing arguments the prosecutor made reference to the parole language contained in the Court's Charge which is the basis of Appellant's Issue No. One.   RR Vol. 4 Pages 49 - 52; 59.   On the other hand Appellant's trial counsel, without objection, urged the jury to ignore the evidence as to one of the enhancement allegations and to assess punishment at less than 25 years to Life.   RR Vol. 4 Pages 55 - 56.   After deliberations the jury returned a verdict finding both sequential enhancement allegations to be true and assessing punishment at  99 years imprisonment.   CR Vol. 1 Page 56.   This appeal follows.   CR Vol. 1 Page 59.

## Summary Of The Argument on
## Response to Issue No. 1

(1)     The trial court properly denied Appellant's objection to the
Prosecutor's jury argument because the argument was based
on the evidence admitted, reasonable deductions therefrom,
an explanation and clarification of the trial court's
instructions on parole, and a plea for law enforcement.


Appellant complains that the prosecutor, during closing argument at the
punishment phase of trial, committed improper argument by encouraging the jury to
determine how the parole law will apply to Appellant as the reason for the need to
assess the maximum sentence.   Appellant complains that the trial court committed
error when it overruled Appellant's objections.   However, the prosecutor merely
described the reference to parole as set forth in the Court's Charge but never argued
that Appellant would actually be released at any given part of his sentence.   The
remaining portion of the prosecutor's arguments were focused on evidence that was
admitted, reasonable deductions that can be made therefrom, and a strong plea for law
enforcement.

## Argument On Response to Issue No. 1

While the Standard of Review cited in Appellant's brief is in itself mostly accurate, Appellant has neglected the first step in the overall inquiry. Generally, jury argument must be (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, or (4) a plea for law enforcement. Brown v. State, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). If the argument falls in one or more of these categories then the argument is not improper.

Where argument falls outside of said categories, this type of error is non-constitutional in nature, and a non-constitutional error that does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b); Martinez v. State, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000). To determine whether an appellant's substantial rights were affected, the reviewing court will balance the severity of the misconduct (i.e., the prejudicial effect), any curative measures, and the certainty of conviction absent the misconduct. Martinez v. State, 17 S.W.3d at 692-93. Further, in evaluating the severity of the misconduct, the reviewing court must assess whether the jury argument is extreme or manifestly improper by looking at the entire record of final arguments to determine if there was a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial. Cantu v. State, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997).

It should be noted that the Court's Charge contained the required instructions on parole. It stated as follows:

> "Under the law applicable in this case, the Defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

> "It is also possible that the length of time for which the Defendant will be imprisoned might be reduced by the award of parole.

> "Under the law applicable in this case, if the Defendant is sentenced to a term of imprisonment, the Defendant will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed or fifteen years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

> "It cannot accurately be predicted how the parole law and good conduct time might be applied to this Defendant if the Defendant is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

> "You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular Defendant. You are not to consider the manner in which the parole law may be applied to this particular Defendant.

CR Vol. 1 Page 54 - 55; TEX. CODE CRIM. PROC. Art. 37.07 Sec. 4 (c).

In the case cited by Appellant, <u>Hawkins v. State</u>, the case prosecutor made the following argument:

> "One very important thing to remember has already been alluded to by Mr. Cooper and that is the page on the - about good time credit and parole. We can't tell you how the Board of Prisons [sic] and Parole is going to handle this particular inmate and when he's going to be released. The only thing we can tell you for sure because it's the only thing we know for sure is that he will do - whatever your sentence is, you know he will do at least a quarter. When his time - plus his good time credit equals a quarter, okay, so it would be less than a quarter, but that's what we know for sure, okay. I hope that makes sense to you. It's pretty clearly written and explained here. But that's the one thing that we can tell you for sure, okay. That when his good time and credit - his good time and actual time reaches one quarter of whatever you send back is what he will actually serve before he's released back into your community."

<u>Hawkins v. State</u>, 135 S.W.3d 72 (Tex. Crim. App. 2004).

The point of this argument which was improper was the portion where the case prosecutor stated "....is what he will actually serve before he's released back into your community." <u>Hawkins v. State</u>, 135 S.W.3d at 74. In particular, the Court of Criminal Appeals pointed out that it was not improper for the prosecutor to accurately restate the law given in the jury charge nor was it improper for the prosecutor to ask the jury to take the existence of that law into account when assessing punishment. <u>Hawkins v. State</u>, 135 S.W.3d at 84.

In the case of Taylor v. State, the following argument was made by the case prosecutor:

> "Now, let me stop and talk to you about the charge for just a moment so that you can -- you probably do understand already, but the Judge mentioned to you that as far as parole eligibility that the defendant becomes eligible for parole after he serves one-half of the sentence imposed or thirty years. Let me explain that to you for just a moment. Let's say a sentence of 40 years – A 40-year sentence means the defendant becomes eligible for parole after serving 20 years. A 60-year sentence means he becomes eligible after serving 30 years. A sentence of life or 75 still means he becomes eligible after 30 years. So, why would I ask you for life and a $ 10,000 fine if he becomes eligible at the same point –"

Taylor v. State, 233 S.W.3d 356 (Tex. Crim. App. 2007).

In addressing this argument the Court in Taylor stated, "In the case before us, the prosecutor did not convey any information beyond what was properly contained in the charge when he explained how the parole eligibility rules set out in the charge worked with forty, sixty and seventy-five year sentences. The explanation simply ensured that the jury understood the language set out in the instructions. Nor do we ascribe any significance to the prosecutor's passing use of the words 'defendant' and 'he' in the course of giving his explanation. The statutory instruction itself uses the words 'defendant' and 'he' when describing the rules of parole eligibility. Nothing in this case indicates that the prosecutor's explanations went beyond an attempt to clarify the meaning of the jury instructions." Taylor v. State, 233 S.W.3d at 359.

This Honorable Court has itself addressed this type of issue recently. In Branch

v. State, the case prosecutor's argument started as follows:

> "[P]arole eligibility begins when a defendant has served one-quarter of
> his sentence, taking in consideration good time and back time. All right.
> Realistically the minimum in this case is fifteen years because of the
> defendant's prior conviction for distribution. Parole eligibility would be
> in three-and-a-quarter years. If you give him a sentence of the minimum,
> that's what he's looking at before he's eligible. A twenty-year sentence is
> five years; a thirty-year sentence, seven-and-a-half; forty years, ten. You
> can see down the chart. A life sentence is thirty years before he is eligible
> because thirty years is tops what you're going to do. Okay? That's what
> "parole eligibility" means realistically. If you assess a sentence on the top
> line, he will be eligible somewhere along the bottom line."

Branch v. State, 335 S.W.3d 893, 906 (Tex. App. - Austin 2011, *pet. ref'd*).

The Court had no complaint about the argument to this point. However, in

addressing the defendant's counsel's argument the case prosecutor went on to say:

> "[Branch is] going to get out. You can see. You give him life, fifteen
> years he's eligible for parole. He is not going to stay in prison until he
> dies, and that fifteen years, as you can see in here, is tempered by how
> he's good. Okay? He's a good boy, he stays in prison seven years, eight
> years. He's going to be done on life. Give him thirty, give him forty, he's
> going to get out quicker.
>
> "It's almost obscene that we have to come to you and tell you that these
> number games [are] played. It would be much simpler if I could walk in
> here and tell you he's going to go to prison for what you give him, and
> that's it.
>
> . . . .

"You're never—even with life—going to send him to prison for fifteen or twenty years. It's not going to happen."

Branch v. State, 335 S.W.3d at 906 - 907.

With this language, as the Court pointed out, the case prosecutor ".... stated that Branch would be out of prison in that amount of time. The prosecutor did so by using language of certainty, stating that Branch would 'be done on life' in seven or eight years if he exhibited good conduct; that Branch would 'never' serve as many as fifteen or twenty years if given a life sentence; and that Branch 'would be out even quicker' if the jury gave him a thirty-or forty-year sentence." Branch v. State, 335 S.W.3d at 907.

In the case now before this Court the prosecutor begins his argument by stating that because of the two prior felony convictions the punishment range is 25 to 99 or Life. RR Vol. 4 Page 49. The prosecutor continues with the following:

"Now of some interest in this is this offense is a quarter-time offense, which means that when your actual time served — (objection, overruled)

"Yes. It's a quarter-time offense, which means – and I'm just using 40 because it make, its really easy for me to do the math. If you sentence him for forty — (objection, overruled)

"Take 40 years. Since it's a quarter-time offense he is *eligible* for parole when he has served 10 years, but that's not ten years. That's actual time and good time. And if he gets one-for-one that would be five years actual time, five years good time, so he could be *eligible* for parole on 40 years in five. So when we're talking about the various punishments it's a

quarter-time offense. He was on parole when this happened. As you tell by looking at, I think it's State's 11, he got a seven-year sentence and he was actually out on the street within, what, three, and two-and-a-half. Now, also everything over 60 years is treated as 60, so it's all 15." (emphasis added)

RR Vol. 4 Pages 49 - 50.

The prosecutor follows this with a recap of all of the prior convictions, including those not alleged for purposes of enhancement and arguing that each of the offenses had a victim that now needs to be protected. RR Vol. 4 Pages 50 - 52.

Of note, in this argument the prosecutor is referring to State's Exhibit 11 which shows that Appellant was convicted of Burglary of a Habitation on October 22, 2010, and was sentenced to prison for a period of seven years. Then State's Exhibit 12 shows that Appellant committed the offense of Failure to Identify on November 11, 2012 and was convicted of that offense on March 14, 2013.

Not argued by the prosecutor, yet available to the jury, was State's Exhibit 10 which showed that Appellant was convicted of Burglary of a Habitation on October 9, 1992, at which time Appellant was sentenced to 15 years imprisonment yet as shown on State's Exhibit 14 Appellant committed the offense of Theft on September 13, 2003, just under 11 years after being sentenced to 15 years in prison for the burglary.

Counsel for Appellant, in his argument, does not mention the parole law at all but instead attempts to convince the jury that because Appellant is a drug addict and had never been forced into drug rehabilitation, the jury should outright ignore the evidence of one of the two prior convictions alleged for enhancement purposes and set the punishment as if there was but only one prior conviction. RR Vol. 4 Pages 52 - 56. There is no effort to argue that the evidence was insufficient to prove one or both of the prior convictions. The argument was that the jury should, instead, ignore the instructions of the Court's Charge.

Following this, the prosecutor, after arguing various points of the evidence and making a plea for law enforcement, sums his argument up by stating "He will [be] *eligible* for parole *potentially* in eight years, but he's out there at 4:00 in the morning scouting, scoping out for another burglary. We've been victims enough. We've been his victim enough. He's got a career of victims. We need to send a message. Ninety-nine years sends him a message and all of his like-minded type." RR Vol. 4 Page 59.

Like Hawkins and Taylor, all of the discussion by the prosecutor about the case being "quarter-time" and the mathematical examples given merely explains or clarifies to the jury the meaning of the instructions regarding parole given in the Court's Charge. The prosecutor did not convey any information beyond what was properly contained in the charge when he explained how the parole eligibility rules set out in the

charge worked. Unlike <u>Branch</u> the prosecutor in this case never states with certainty that Appellant will be released at any given point in time, only that Appellant will be eligible for parole.

For these reasons the relief requested by Appellant in his Issue No. 1 must be denied and the judgment and sentenced entered by the trial court affirmed.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellee prays the Court deny Appellant's appeal and affirm the judgment of the trial court.

Respectfully submitted,

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS
Wiley B. McAfee, District Attorney
P. O. Box 725
Llano, Texas 78643
Telephone          Telecopier
(325) 247-5755    (325) 247-5274

By:
Gary W. Bunyard
Assistant District Attorney
State Bar No. 03353500
g.bunyard@co.llano.tx.us
ATTORNEY FOR APPELLEE

16

## CERTIFICATE OF WORD COUNT

This is to certify that the pertinent portion of this brief contains 3,139 words printed in Times New Roman 14 font according to the WordPerfect™ X7 word count tool.

Gary W. Bunyard

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument, together with this proof of service hereof, has been forwarded by standard mail on the 14th day of January 2014, to Mr. Tracy D. Cluck, Attorney for Appellant, by email and by EServe.

Gary W. Bunyard
Assistant District Attorney