# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00236-CR

**Kevin Todd Hardin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
### NO. 41725, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Kevin Todd Hardin guilty of evading arrest with a vehicle, a third-degree felony. *See* Tex. Penal Code § 38.04(b)(2)(A). After finding that Hardin had previously been convicted of two other felonies, the jury assessed punishment at 99 years' imprisonment, and the trial court rendered judgment on the jury's verdict. *See id.* § 12.42(d). In his sole point of error on appeal, Hardin argues that the trial court erred by overruling his objections to comments the prosecutor made during closing argument. We will affirm the trial court's judgment of conviction.

## BACKGROUND

During the punishment phase of trial, Hardin pleaded not true to two enhancement allegations. The State presented testimony and evidence of Hardin's prior convictions, and Hardin called two character witnesses. During the State's closing argument, the following exchange occurred:

[State:] Now, of some interest in this is this offense is a quarter-time offense, which means that when your actual time served—

[Defense:] Objection, Your Honor. He's going into parole.

[The Court:] He's just arguing what the instructions say, Mr. Watson, I think.

[State:] Yes. It's a quarter-time offense, which means—and I'm just using 40 because it make its [sic] really easy for me to do the math. If you sentence him for forty—

[Defense:] I'll just object that it's not proper. It's in the instruction. The jury just doesn't need—they can read the instructions themselves. They don't need him talking about it. We just believe it's an improper closing argument.

[The Court:] I'll overrule your objection.

[State:] Take 40 years. Since it's a quarter-time offense he is eligible for parole when he has served ten years, but that's not ten years. That's actual time and good time. And if he gets one-for-one that would be five years actual time, five years good time, so he could be eligible for parole on 40 years in five. If you give him 60 it's 15 and it becomes seven-and-a-half. So when we're talking about the various punishments it's a quarter-time offense. He was on parole when this happened. As you tell by looking at, I think it's State's 11, he got a seven-year sentence and he was actually out on the street within, what, three, and two-and-a-half. Now, also everything over 60 years is treated as 60, so it's all 15.

The prosecutor went on to discuss Hardin's prior convictions and told the jury, "[T]he State is asking for the max." The jury found the enhancement allegations true and assessed punishment at 99 years. The trial court rendered judgment on the jury's verdict, and Hardin now appeals.

## DISCUSSION

### Standard of review

We review a trial court's ruling on an objection to improper jury argument for an abuse of discretion. *Nzewi v. State*, 359 S.W.3d 829, 841 (Tex. App.—Houston [14th Dist.] 2012,

pet. ref'd) (citing *Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010)). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App.1990). "[P]roper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement." *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008).

*Analysis*

In his sole point of error, Hardin argues that the prosecutor's comments were improper because the comments encouraged the jury to consider parole law in calculating Hardin's sentence.

As required by statute, the trial court instructed the jury that it could "consider the existence of the parole law and good conduct time" but could not "consider the manner in which the parole law may be applied to this particular [d]efendant." *See* Tex. Code Crim. Proc. art. 37.07, § 4(b).[1] We have interpreted these instructions to allow the jury to consider the defendant's eligibility for parole but not whether or when the defendant will actually be released on parole. *Branch v. State*, 335 S.W.3d 893, 907 (Tex. App.—Austin 2011, pet. ref'd) ("Branch contends that the prosecutor's statements were improper. We agree . . . . Here, the prosecutor did not state that Branch would be *eligible* for parole in a certain number of years, but rather stated that Branch would

---

[1] Article 37.07, section 4(b) governed the jury charge in this case because the offense was punishable as a first-degree felony and a prior conviction was alleged for enhancement under Texas Penal Code section 12.42(d).

be *out of prison* in that amount of time."); *see Taylor v. State*, 233 S.W.3d 356, 360 (Tex. Crim. App. 2007) (Womack, J., concurring) (quoting *Byrd v. State*, 192 S.W.3d 69, 77 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (Frost, J., concurring)) ("[T]he jury may base its assessment of punishment in part on consideration of a sentenced defendant's parole eligibility under the formula contained in the instruction; however, a jury may not base its assessment of punishment on speculation as to when, if ever, the defendant may be released on parole after becoming eligible for parole."); *Waters v. State*, 330 S.W.3d 368, 373–74 (Tex. App.—Fort Worth 2010, pet. ref'd) (adopting Judge Womack's concurrence). A prosecutor may properly discuss parole eligibility during jury argument because in doing so a prosecutor is merely explaining and clarifying the jury charge. *See Taylor*, 233 S.W.3d at 359; *Branch*, 335 S.W.3d at 907 (noting that "the State may attempt to clarify the meaning of the jury instructions pertaining to parole law and good-conduct time").

Much of the prosecutor's argument in this case was proper because it referred to Hardin's parole eligibility and was in accordance with the court's instructions. "It was not improper for the prosecutor to accurately restate the law given in the jury charge nor was it improper for the prosecutor to ask the jury to take the existence of that law into account when assessing punishment." *Hawkins v. State*, 135 S.W.3d 72, 84 (Tex. Crim. App. 2004). It was also not improper for the prosecutor to discuss the lengths of hypothetical sentences and to refer to Hardin specifically by using the pronouns "he" and "him" instead of referring to a hypothetical defendant. *See Taylor*, 233 S.W.3d at 360.

Hardin, however, also contends that it was improper for the prosecutor to argue that Hardin "was on parole when this happened" and that Hardin "got a seven-year sentence and he was

4

actually out on the street within, what, three, and two-and-a-half." According to Hardin, these comments imply that the length of time Hardin actually served for a previous offense was relevant to determining the length of time Hardin may actually serve for the current offense. We agree.

Although the State had properly introduced evidence of prior convictions, the prosecutor was not entitled to use that evidence to argue that Hardin would actually be paroled before he had served the entire sentence assessed by the jury. *See Clark v. State*, 643 S.W.2d 723, 725 (Tex. Crim. App. 1982) ("Although the State is correct in noting that the prison records were in evidence, the records were introduced solely for the purpose of establishing appellant's prior record. The records were not and could not be introduced for the purpose of showing the jury how the parole laws operate . . . ."); *see also Henderson v. State*, No. 11-10-00182-CR, 2012 WL 2151483, at *3 (Tex. App.—Eastland June 14, 2012, pet. ref'd) (mem. op., not designated for publication) ("The State's references to how long Appellant had served for his previous sentence were an invitation for the jury to consider parole in its calculation of appropriate punishment."). Here, the prosecutor implicitly asked the jury to consider not only when Hardin would become *eligible* for parole but also when Hardin might *actually be released* on parole. *See Branch*, 335 S.W.3d at 907. By implying that the jury should increase Hardin's sentence because Hardin would soon be "actually out on the street," the prosecutor was impermissibly asking the jury to consider how parole law would be applied to Hardin in particular. *See* Tex. Code Crim. Proc. art. 37.07, § 4(b) ("You are not to consider the manner in which the parole law may be applied to this particular defendant."); *Hawkins*, 135 S.W.3d at 84 ("[T]he jury is simply prohibited from considering how parole law and good time would be applied to a particular defendant.").

Having concluded that the prosecutor's comments were improper, we now consider whether these comments constitute reversible error. The improper use of parole law during jury argument is non-constitutional error that "must be disregarded" if it "does not affect substantial rights." Tex. R. App. P. 44.2(b); *Perez v. State*, 994 S.W.2d 233, 237 (Tex. App.—Waco 1999, no pet.); *see Martinez v. State*, 17 S.W.3d 677, 692 (Tex. Crim. App. 2000) ("[M]ost comments that fall outside the areas of permissible argument will be considered to be error of the nonconstitutional variety."). To determine whether Hardin's substantial rights were affected, "[w]e balance three factors: (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed)." *Hawkins*, 135 S.W.3d at 77; *see also Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (listing three harm-analysis factors); *Perez*, 994 S.W.2d at 237–38 (applying *Mosley* factors).

Under the first factor, the severity of the misconduct, we note that the improper comments were not offhand and isolated; they were part of the prosecutor's overall argument that the jury should impose the maximum sentence possible. The prosecutor mentioned parole again twice in his rebuttal argument: "He's on parole for burglary and what's he doing out there? He runs from the cops." "I know even if you put 99 on there . . . [h]e will [be] eligible for parole potentially in eight years, but he's out there at 4:00 in the morning scouting, scoping out for another burglary." On the other hand, most of the prosecutor's parole argument focused on when Hardin would become eligible; his improper comments concerning when Hardin might actually be released were brief.

6

Under the second factor, curative measures, the trial court overruled Hardin's objections and gave no limiting instruction to the jury. The only curative measure appearing in the record was the trial court's instructions to the jury on punishment, which accurately quoted the language on parole law mandated by Texas Code of Criminal Procedure article 37.07, section 4(b). We generally presume that a jury will follow the trial court's instructions. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).

Under the third factor, the certainty of the punishment assessed, we conclude that the jury would likely have given Hardin the same punishment even if the prosecutor had not made the improper comments. The State introduced evidence of more than ten prior convictions and argued that Hardin had a "career" of crime. In addition, the jury viewed a video showing part of the lengthy and dangerous vehicle chase that Hardin initiated and heard evidence that one of the officers sustained minor injuries while pursuing Hardin on foot. Finally, even if the prosecutor had not made the improper comments, the jury would still have been able to consider parole law in its deliberations based on the trial court's instructions and the proper portions of the prosecutor's argument.

Balancing these three factors, we conclude that the prosecutor's improper comments were harmless and did not affect Hardin's substantial rights. We therefore overrule Hardin's sole point of error.

## CONCLUSION

Having overruled Hardin's sole point of error, we affirm the judgment of conviction.

7

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   March 25, 2015

Do Not Publish