NO. PD-1425-14

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

March 2, 2015

ABEL ACOSTA, CLERK

RYAN KEITH MASON,

Appellant/Petitioner

VS.

THE STATE OF TEXAS,

Appellee/Respondent

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

In Appeal No. 10-13-00368-CR
from the
Court of Appeals
for the Tenth Judicial District
Waco, Texas

Ryan Keith Mason
TDCJ #01880542
James V. Allred Unit
2101 Fm 369 North
Iowa Park, TX 76367

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................ IV

STATEMENT REGARDING ORAL ARGUMENT ............................................ 1

STATEMENT OF THE CASE ............................................................ 2

STATEMENT OF PROCEDURAL HISTORY .............................................. 2

GROUNDS FOR REVIEW .............................................................. 3

GROUND FOR REVIEW NO. ONE
[Set out the Ground or Question Presented for Review]
Petitioner was harmed when Trial Court overruled, (without
curative instruction), Defenses Objection to State's question-
able argument. Tex. R. App. P. 44.2(b) Violation.

~~GROUND FOR REVIEW NO. TWO~~
[Set out the Ground or Question Presented for Review]

ARGUMENT NUMBER ONE ............................................................ 4

~~ARGUMENT NUMBER TWO~~ ........................................................

PRAYER FOR RELIEF .............................................................. 6

CERTIFICATE OF SERVICE ......................................................... 6

APPENDIX [Opinion] ............................................................................ 7
   1    [A copy of the Court Opinion must be attached to the Petition]

2.   PDR Exibit 2 — VI R.R. 26

# INDEX OF AUTHORITIES

## CASES:

Berryhill v. State, 501 S.W. 2d 86, 87 (Tex. Crim. App. 1973) .... 5

Borjan v. State, 787 S.W 2d 53, 57 (Tex. Crim. App. 1990) .... 5

Everett v. State, 707 S.W. 2d 638, 641 (Tex. Crim. App. 1986) .. 5


Statutes:

Tex. R. App. P. 44.2 (b) ............................. 4


Codes:

Tex. Code Crim. Proc. ..................... 4


Constitutions:

U.S. Const. Amend. VI ................. 4

U.S. Const. Amend. XIV ................. 4

Tex. Const. art. I, § 19 ................. 4

NO. PD - 1425 - 14

**IN THE**
**COURT OF CRIMINAL APPEALS**
**OF TEXAS**

**RYAN KEITH MASON,**
**Appellant/Petitioner**

**VS.**

**THE STATE OF TEXAS,**
**Appellee/Respondent**

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

Appellant/Petitioner respectfully submits this Petition for Discretionary Review and moves that this Honorable Court grant review of this cause and offers the following in support thereof:

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant/Petitioner requests oral argument in this case because such argument may assist the Court in applying the facts to the issues raised. It is suggested that oral argument may help simplify the facts and clarify the issues.

1

## STATEMENT OF THE CASE

[Briefly state the nature of the case. This statement should seldom exceed half a
page. See Rule 68.4(d), Texas Rules of Appellate Procedure.]

Jury found Appellant guilty as charged by indictment (CR 1:3)
and assessed punishment at 68 yrs. (CR 1:58: RR6:30). Trial
Court granted State's request that sentence run consecutive, w/parole violation
revocation (CR 6: 36-37). Appellant's motion for New Trial was
denied (CR 1:72). Appellant filed for Appeal w/extention to
April 14, 2014. To which the 10th Court of Appeals, October 9th 2014,
the Affirmed Trial Court's Decision. (See Appendix) Appellant filed PDR.

## STATEMENT OF PROCEDURAL HISTORY

[Statement of the history of the case. See Rule 68.4(e), Texas Rules of
Appellate Procedure, for the dates that must be included in this portion of the
Petition, including the filing and overruling of any motion for rehearing, if any.]

In Cause No. 36,947 the Appellant/Petitioner was charged with the offense
of Possession of Controlled Substance (4-200) grams with Intent to Deliver. The
Appellant/Petitioner was convicted of such offense on August 16, 2013 and
appealed the conviction. On October 9, 2014 the Waco Court of Appeals affirmed
the conviction. No motion for rehearing was filed. On 12-11-14 this
Petition for Discretionary Review was timely forwarded to the Court of Appeals
for filing pursuant to Rule 9.2(b), Texas Rules of Appellate Procedure.

2

# GROUNDS FOR REVIEW

## I.

[State briefly, without argument, the grounds or questions on which the Petition are based. See Rule 68.4(f), Texas Rules of Appellate Procedure.]

Petitioner was harmed when Trial court overruled, (without curative instruction), Defense's Objection to the States questionable argument. Violating both: art. 37.07 §4(a). Tex. Code Crim. Proc.; and Rule 44.2 (b). Tex. R. App. P.. With Constitutional Implications.

## II.

[Same format as above]

[More than two Grounds for Review, along with accompanying Arguments, can be raised in a Petition, but the Petition cannot exceed 15 pages, exclusive of certain pages. See Rule 68.5, Texas Rules of Appellate Procedure.]

3

# ARGUMENT NUMBER ONE

[Rule 68.4(g), Texas Rules of Appellate Procedure, states: "The petition must contain a direct and concise argument, with supporting authorities, amplifying the reasons for granting review. See Rule 66.3."

Petitioner argues the colloquy [VI R.R. 26:2-25], (Specifically, the Court's overruling of Defense second speaking Objection[1] to the States questionable direction of argument, without curative instruction, not only contradictory to. Art. 37.07, §4(a)Tex. Code. Crim. Proc. Ann. (West Supp. 2013). But essentially, INVITED the jury to "speculate" parole law and how it applies to this particular defendant by the States questionable direction of argument "on the evidence" delivered to the jury with the Courts BLESSING. (See Appendix - PDR Exhibit 2, Lines 14-20) And therein, clearly affected the Petitioner's Substantial rights. (Rule 44.2(b). Tex. R. App. P. And an encroachment on VI and XIV Amendments U.S. Constitution, as well as, are. I §§ to 19 to the Texas Constitution's Due Course of Law.

[1] Speaking Objection: an objection in a jury trial that contains more than the minimum necessary information for the judge to rule.... Some Judges ... require lawyers to give their reasons by citing sections of a ... Code or ... Rule ..., so that the jury will not understand what they are talking about. Random House Websters Dictionary of Law (2000)

4

# ARGUMENT NUMBER ~~TWO~~ ONE

## [Same format as above.]

This Court has held "Arguments referencing matters that are not in evidence and may not be inferred from the evidence are usually 'designed to arouse the passion and prejudice of the Jury and as such are highly inappropriate." Borjan v. State, 787 S.W. 2d 53, 57 (Tex. Crim. App. 1990). Argument inviting speculation is of grave concern: Argument injecting matters not in the record is clearly improper; but argument inviting speculation is even more dangerous because it leaves to the imagination of each juror whatever extraneous 'facts' may be needed to support a conviction. Everett v. State, 707 S.W. 2d 638, 641 (Tex. Crm. App. 1986) (quoting Berryhill v. State, 501 S.W. 2d 86, 87 (Tex. Crm. App. 1973)

In a Discretionary Review, when all the facts and circumstances of the said colloquy is considered and placed on context, it is clear the trial court erred overruling the Petitioner's second speaking objection to the States questionable direction of argument without giving a curative instruction about Parole and the Defendant. The Petitioner was harmed and the case should be remanded for a new punishment trial.

* See Issue Nº 2 Memorandum Opinion pp. 7-11 (Appendix)

5

## PRAYER FOR RELIEF

For the reasons stated above, it is respectfully submitted that the Court of Criminal Appeals of Texas should grant this Petition for Discretionary Review.

**Respectfully submitted,**

RYAN KEITH MASON
TDCJ # 01880542
James V. Allred Unit
2101 FM 369 North
Iowa Park, TX 76367

## CERTIFICATE OF SERVICE

The undersigned Appellant/Petitioner hereby certifies that a true and correct copy of the foregoing Petition for Discretionary Review has been mailed, U.S. mail, postage prepaid, to the District Attorney, Appellate Division, Ellis County Courthouse, 109 S. Jackson Street, Waxahachie, Texas 75165, and to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711, on this the 11TH day of DECEMBER, 2015.

RYAN KEITH MASON

6

APPENDIX

first rodeo. You've heard that. He's told you that. He's been to prison twice before. And I want you to pay close attention to the dates on those. His last one was in March 31st, 2006 where his sentence was 15 years. That means supposed to end in 2000 and --

MR. GRIFFITH: Your Honor, I'm going to object with regards to any argument regarding parole in this case. This charge particularly says she cannot do that.

THE COURT: I'm going to overrule your objection at this point. Renew if appropriate.

MS. NGUYEN: Just look at the dates. You go in in 2006 for 15 years --

MR. GRIFFITH: Same objection, Your Honor. She is talking about how parole applies to this particular defendant.

MS. NGUYEN: Judge, it's on the evidence.

THE COURT: Overruled.

MS. NGUYEN: Y'all can recall. I'll let you look at that. Now, what do we know about this defendant? We know that he's a career criminal. It has been ongoing. Lots of drug charges. Delivery of a controlled substance. Multiple cases. Possession of controlled substance with intent to deliver. The exact same charge as he has here.

PDR Exibit 2



# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00368-CR

RYAN K. MASON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 40th District Court
Ellis County, Texas
Trial Court No. 36947CR

## MEMORANDUM OPINION

A jury found Appellant Ryan Keith Mason guilty of possession of a controlled substance, namely methamphetamine, in an amount of four grams or more but less than 200 grams, with intent to deliver, and assessed his punishment, enhanced by prior felony convictions, at sixty-eight years' imprisonment, "to be served consecutive with any other sentences and parole revocations, beginning after the other sentences are completed." This appeal ensued.

## Challenge for Cause

In his first issue, Mason contends that he was denied his constitutional right to an impartial jury because the trial court denied his request to strike a juror for cause.

The trial court's ruling on a challenge for cause is reviewed for abuse of discretion. *Russeau v. State*, 171 S.W.3d 871, 879 (Tex. Crim. App. 2005). "We afford the trial court considerable deference, because it is in the best position to evaluate a prospective juror's demeanor and responses." *Id.* "This is especially true when this Court is faced with a vacillating or equivocating venireperson." *Banda v. State*, 890 S.W.2d 42, 54 (Tex. Crim. App. 1994); *see Russeau*, 171 S.W.3d at 879. "The trial court is able to consider important factors such as demeanor and tone of voice that do not come through when reviewing a cold record." *Banda*, 890 S.W.2d at 54.

The court of criminal appeals has held that a prospective juror may be properly challenged for cause and removed "if he cannot impartially judge the credibility of a witness." *Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999); *see* TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9) (West 2006). Potential jurors "must be open-minded and persuadable, with no *extreme* or *absolute* positions regarding the credibility of any witness." *Ladd*, 3 S.W.3d at 560. The fact that a prospective juror is more or less skeptical of a certain category of witness, however, does not make him subject to challenge for cause. *Id.* (stating that prospective jurors are not challengeable for cause "simply because they would give certain classes of witnesses a slight edge in terms of credibility"); *Jones v. State*, 982 S.W.2d 386, 389 (Tex. Crim. App. 1998) (holding that

prospective juror was not challengeable for cause simply because she stated she would be more skeptical of accomplice witnesses than of witnesses generally).

During voir dire, after both parties had addressed the panel of prospective jurors as a whole, several prospective jurors were called individually to the bench to speak with the attorneys and the trial court in private. The following exchange occurred when the trial court called Prospective Juror No. 9:

> THE COURT: To get the ball rolling, I'm going to ask you a question verbatim.
>
> PROSPECTIVE JUROR: Yes, sir.
>
> THE COURT: Prior to hearing the witness testify, would you automatically disbelieve somebody simply because they are a convicted felon?
>
> PROSPECTIVE JUROR: I would not automatically.
>
> THE COURT: Thank you. Any questions on the part of the defense?
>
> [DEFENSE COUNSEL]: Yes. What do you mean by automatically?
>
> PROSPECTIVE JUROR: Can I speak freely?
>
> [DEFENSE COUNSEL]: Okay.
>
> PROSPECTIVE JUROR: Back to the conversation we were having at the time. I wouldn't automatically discredit that person, but do I have less trust or faith in that person as opposed to a police officer like we're bringing up? Yes.
> I'm not going to tell you he's lying automatically. I'm going to listen to his testimony and make my best judgment. But from him going to the stand, he's a convicted felon. I feel he's less trustworthy than a police officer, and that's how I'm going to look at it.
>
> [PROSECUTOR]: Can I ask a few questions, Judge?

THE COURT: Sure.

[PROSECUTOR]: So you're using the conviction as - - to judge his credibility?

PROSPECTIVE JUROR: I am.

[PROSECUTOR]: Okay.

PROSPECTIVE JUROR: In a sense.

[PROSECUTOR]: But you don't - - wouldn't automatically disbelieve anything that he says just because he's a convicted felon?

PROSPECTIVE JUROR: No. It's going to take his - - the way he presents himself, the way he handles himself, how convincing he is as a witness. But I would have less faith in that person or trust in that person than an officer of the law.

THE COURT: Of course, you understand someone's felony conviction may have been 27 years ago?

PROSPECTIVE JUROR: And that's why I felt it was a very hard question to answer because - - and the circumstances can be very different and it's hard to give that exact answer.

THE COURT: Both sides just want to make sure that you don't prejudge somebody. You got to wait until they take the witness stand - -

PROSPECTIVE JUROR: Agreed.

THE COURT: - - and then assess credibility?

PROSPECTIVE JUROR: I understand.

THE COURT: Is that true?

PROSPECTIVE JUROR: That is true, yes, sir.

[DEFENSE COUNSEL]: But, again, 27 years ago, ten years ago, 30 years ago, he's a convicted felon. He's not going [to] receive the same amount of credibility before he even takes the stand as a police officer, is he?

Mason v. State                                                                                    Page 4

PROSPECTIVE JUROR: It's hard to say again without knowing what the circumstances are, but going onto it, is that person, in my eyes, less trustworthy than a police officer automatically? Yes. After his testimony would I think differently? Again, possibly. I can't be certain without being in the situation, but I stand by the fact that a police officer is a little more trustworthy from the start given his testimony than a convicted felon is.

[DEFENSE COUNSEL]: All right. So but automatically they would start low and they'd have to build themselves up?

PROSPECTIVE JUROR: I guess you could say that, yes?

[DEFENSE COUNSEL]: And a police officer would start up?

PROSPECTIVE JUROR: Start medium right where anybody else would that wasn't a police officer.

[DEFENSE COUNSEL]: But a convicted felon would not start at that point?

PROSPECTIVE JUROR: Possibly, depending upon the circumstances, yes.

[DEFENSE COUNSEL]: Well, you've gone both ways. You've said no - -

PROSPECTIVE JUROR: Because I don't want to lie to you, and I don't want to give you a dishonest answer. And I can't tell you for certainty without the situation being there. I would love to tell you I think I would question more the testimony of a convicted felon over that of a police officer or somebody that was just a witness. I mean, that's just the way I feel about it.

[DEFENSE COUNSEL]: And there was another issue that I asked you at one point where I said if you had 99 reasons, reasonable reasons to convict the defendant - -

PROSPECTIVE JUROR: Okay.

[DEFENSE COUNSEL]: - - and one reasonable doubt, what would your verdict be, and I think you said guilty?

PROSPECTIVE JUROR: Well, I was confused on the situation. I apologize. If I had 99 reasons to convict and one not to convict?

THE COURT: And I want to be clear that the reasonable doubt goes to an element of the offense to which the State is required to prove. So if you had a reasonable doubt as to one of the essential elements of the crime.

PROSPECTIVE JUROR: Then I would have to go with not guilty in that situation.

THE COURT: In conclusion, I want to read the two statements again.

PROSPECTIVE JUROR: Yes, sir.

THE COURT: And I just need your candid yes or no answer.

PROSPECTIVE JUROR: Yes, sir.

THE COURT: Prior to an individual taking the witness stand, would you automatically disbelieve somebody simply because they are a convicted felony [sic]?

PROSPECTIVE JUROR: No, sir.

THE COURT: Do you feel as though you could evaluate a witness and his testimony and decide if he's being truthful without automatically dismissing his testimony because of some criminal history?

PROSPECTIVE JUROR: Yes, sir.

THE COURT: Thank you, sir. You may step outside.

Mason argues that Prospective Juror No. 9 vacillated regarding the issue of credibility because although he answered the trial court's "magic questions" correctly, his other responses showed that he considered a police officer to be more trustworthy from the start than a convicted felon. We disagree. Furthermore, Prospective Juror No.

9 did not exhibit an automatic predisposition to disbelieve a witness solely because he had a prior felony conviction. Nor did Prospective Juror No. 9 exhibit an automatic predisposition to believe a witness solely because he was a police officer. Rather, Prospective Juror No. 9 stated that a police officer's credibility would start out the same as that of any other witness that did not have a felony conviction. And Prospective Juror No. 9 indicated that police officers and other witnesses not having a felony conviction would have a slight edge in terms of credibility. *See* TEX. R. EVID. 609 (providing for impeachment of a witness's credibility under certain circumstances by prior felony conviction).

Prospective jurors are not challengeable for cause simply because they would give certain classes of witnesses a slight edge in terms of credibility. *Ladd*, 3 S.W.3d at 560. The trial court did not, therefore, abuse its discretion in denying Mason's request to strike Prospective Juror No. 9 for cause. We overrule Mason's first issue.

### Punishment-Phase Jury Argument

In his second issue, Mason contends that the trial court erred in overruling his objection to the State's punishment-phase closing argument because the State argued how parole applied to him in violation of statutory law.

To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992). An argument that exceeds these bounds is error. *Id.* at 95. It only becomes subject to reversal if, in light of the

record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts, harmful to the accused, into the trial. *Id.*

Article 37.07, section 4(b) of the Code of Criminal Procedure expressly prohibits a jury from considering parole eligibility for the defendant on trial. Specifically, the jury is charged:

> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(b) (West Supp. 2013). Consequently, while it is not improper for the State to explain how parole eligibility rules apply to certain sentences, the State may not ask a jury to consider how good-conduct time may be awarded to a particular defendant or how parole law will particularly affect the defendant's sentence. *See Waters v. State*, 330 S.W.3d 368, 371-74 (Tex. App.—Fort Worth 2010, pet. ref'd) (citing *Taylor v. State*, 233 S.W.3d 356, 359 (Tex. Crim. App. 2007)).

In this case, the following exchange occurred during the State's punishment-phase closing argument:

> [Prosecutor]: ....
> And, you know, I'll agree with [Defense Counsel] on one thing. I am going to tell you that 25 years is not enough for this defendant. It's not. That's why the law gives you this range of punishment. You get to consider all of those things. Well, this ain't his first rodeo. You've heard that. He's told you that. He's been to prison twice before. And I want you to pay close attention to the dates on those. His last one was in March 31st, 2006 where his sentence was 15 years. That means supposed to end in 2000 and - -

[Defense Counsel]: Your Honor, I'm going to object with regards to any argument regarding parole in this case. This charge particularly says she cannot do that.

THE COURT: I'm going to overrule your objection at this point. Renew if appropriate.

[Prosecutor]: Just look at the dates. You go in in 2006 for 15 years

- -

[Defense Counsel]: Same objection, Your Honor. She is talking about how parole applies to this particular defendant.

[Prosecutor]: Judge, it's on the evidence.

THE COURT: Overruled.

[Prosecutor]: Y'all can recall. I'll let you look at that. Now, what do we know about this defendant? We know that he's a career criminal. It has been ongoing. Lots of drug charges. Delivery of a controlled substance. Multiple cases. Possession of controlled substance with intent to deliver. The exact same charge as he has here.

....

And sure I'm going to talk about his prior convictions. I should. It's important. How many chances does he get? How many chances does it take? You were here as I read out each conviction. How many does it take for a person to change? This many? What do you think the likelihood of him changing? That's a lot of chances. Lots of chances. If you haven't learned by now, when will you learn?

....

Now, we're going to ask that you go back and take all of these convictions back there with you, look at the dates, look at the charges, look at when these were committed, and ask yourself what is the appropriate punishment for him. Are you going to protect the community? Sometimes enough is enough. Some people will never learn. You can't help everybody.

Mason argues that in the foregoing closing argument,

the prosecutor made a plea to the jurors to "pay close attention to his dates of incarceration" in an effort to encourage them to "look at the dates" as they consider Appellant's potential eligibility for parole.... [The prosecutor] asked them to look at the dates of conviction, the term of sentence, and to finally calculate his release date based on those dates.

The State responds that, contrary to Mason's contention, the prosecutor did not tell the jury to calculate Mason's release date based on the prior time that he served. The State argues that the prosecutor's argument was instead merely a summation of the evidence as the prosecutor asked the jury to look at all of Mason's prior criminal history and past sentences in determining his appropriate sentence in this case.

We agree with the State. The prosecutor made no express reference to the parole laws. Instead, she appears to be pointing out Mason's continued criminal activity and lack of rehabilitation despite his prior recent confinement. *See, e.g., Bowman v. State*, 782 S.W.2d 933, 936-37 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd).

Furthermore, even if we assume that the prosecutor was impliedly asking the jury to consider how parole law would affect his sentence, such error was harmless. Because the error is non-constitutional, it must be disregarded unless it affects substantial rights. TEX. R. APP. P. 44.2(b). In determining whether Mason's substantial rights were affected, we consider: (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed). *Hawkins v. State*, 135 S.W.3d 72, 78 (Tex. Crim. App. 2004).

Mason argues that the severity of the prosecutor's conduct in this case is clear. Mason states that the prosecutor pleaded with the jury to assess a heavy sentence based

not on the evidence but on his potential eligibility for parole, which resulted in a heavy sixty-eight-year sentence. We disagree. Any error was not egregious. As stated above, the prosecutor did not even make an express reference to the parole laws. As for curative measures, while the trial judge did not give an instruction to disregard the prosecutor's statements, the jury charge did properly instruct the jury on parole eligibility times and properly instructed the jury not to consider how good time and parole law would be applied to Mason. Finally, given the evidence of Mason's criminal history and his lack of rehabilitation, it is unlikely that the jury would have assessed a less lengthy sentence if the prosecutor had not made the comments of which Mason complains. We overrule Mason's second issue.

### Motion for New Trial

In his third issue, Mason contends that the trial court erred in denying his motion for new trial, thereby denying him a fair and impartial trial. We review the trial court's denial for abuse of discretion. *See Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001). Mason specifically argues that the prosecutor's improper parole argument allowed jurors to focus on the length of time he would actually serve in determining his sixty-eight-year sentence. Mason states that he was prepared to present testimony as to whether the improper argument influenced the jury's decision at the motion-for-new-trial hearing but that the trial court erred and denied the motion without a hearing.

The relevant facts are as follows: Mason timely filed a motion for new trial and requested a hearing on the motion. The motion alleged that (1) "[j]urors engaged in misconduct thereby depriving the Defendant of a fair and impartial trial" and (2) "[t]he

verdict was contrary to the law and evidence which was undertaken to prejudice Defendant to the point of the denial of a fair trial." The motion was unsworn, and no affidavits were attached. The State filed written objections to the motion. The trial court denied the motion for new trial without a hearing.

The purposes of a new-trial hearing are (1) to determine whether the case should be retried or (2) to complete the record for presenting issues on appeal. *Hobbs v. State,* 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). Such a hearing is not an absolute right. *Id.* But a trial judge abuses his discretion in failing to hold a hearing if the motion and accompanying affidavits (1) raise matters that are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Id.* This second requirement limits and prevents "fishing expeditions." *Id.* A new-trial motion must be supported by an affidavit specifically setting out the factual basis for the claim. *Id.* If the affidavit is conclusory, is unsupported by facts, or fails to provide requisite notice of the basis for the relief claimed, no hearing is required. *Id.*

Here, Mason's motion for new trial was not supported by an affidavit; therefore, the trial court did not abuse its discretion in denying the motion without a hearing. We overrule Mason's third issue.

### Cruel and Unusual Punishment

In his fourth and fifth issues, Mason contends that the sentence imposed constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth

Amendments to the United States Constitution and Article I, section 19 of the Texas Constitution because sixty-eight years' imprisonment is not an appropriate sentence.

Generally, a sentence within the statutory range of punishment for an offense is not excessive, cruel, or unusual punishment.[1] *Winchester v. State*, 246 S.W.3d 386, 389 (Tex. App.—Amarillo 2008, pet. ref'd); *Alvarez v. State*, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.). A narrow exception to this rule is recognized where the sentence is grossly disproportionate to the offense. *See Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd); *see also Harmelin v. Michigan*, 501 U.S. 957, 1004-05, 111 S.Ct. 2680, 2707, 115 L.Ed.2d 836 (1991) (Kennedy. J., concurring); *Solem v. Helm*, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 3010-11, 77 L.Ed.2d 637 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). But a defendant must complain or object in the trial court about an allegedly disproportionate sentence to preserve his complaint for appeal. *Ham v. State*, 355 S.W.3d 819, 825 (Tex. App.—Amarillo 2011, pet. ref'd); *Gertz v. State*, No. 10-11-00008-CR, 2012 WL 3799146, at *2 (Tex. App.—Waco Aug. 30, 2012, no pet.) (mem. op., not designated for publication) (citing *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); and *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd)).

Mason argues that he raised his complaint in his motion for new trial that was denied without a hearing. As shown above, however, Mason's motion for new trial

---

[1] In this case, the charged offense of possession of a controlled substance, namely methamphetamine, in an amount of four grams or more but less than 200 grams, with intent to deliver, is a first-degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010). Because the jury found the enhancement paragraphs to be true, Mason faced punishment of a term of imprisonment between twenty-five and ninety-nine years or life and a fine up to $10,000. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2013). Mason's sentence of sixty-eight years' confinement is within this statutory range.

alleged only that (1) "[j]urors engaged in misconduct thereby depriving the Defendant of a fair and impartial trial" and (2) "[t]he verdict was contrary to the law and evidence which was undertaken to prejudice Defendant to the point of the denial of a fair trial."

Mason argues alternatively that no objection was required because the error was apparent and an objection "would have served no useful purpose." Citing *Ray v. State*, 119 S.W.3d 454, 459 (Tex. App.—Fort Worth 2003, pet. ref'd), Mason further states that most courts agree that a complaint of cruel and unusual punishment may be addressed for the first time on appeal if it rises to the level of constitutional error. The Fort Worth Court of Appeals, however, has since declined to follow *Ray*. *See Crawford v. State*, No. 2-04-299-CR, 2005 WL 1477958, at *4 & n.3 (Tex. App.—Fort Worth Jun. 23, 2005, pet. ref'd) (mem. op., not designated for publication).

Because Mason did not raise his complaint about his sentence in the trial court, his fourth and fifth issues are not preserved and are thus overruled. *See* TEX. R. APP. P. 33.1.

### Consecutive Sentences

Before the sentence was pronounced, the State asked that the sentence in this case run consecutively to Mason's prior sentence of fifteen years. Mason argued that it should run concurrently. During sentencing, the trial court stated:

> And further, this sentence is to run consecutively with any other sentences previously imposed, as well as any other parole revocations, if any, that may occur. So once all prior sentences are satisfied and once all prior sentences are served, then this one would begin and go forward.

Accordingly, the judgment states: "This sentence is to be served consecutive with any other sentences and parole revocations, beginning after the other sentences are completed."

In his sixth issue, Mason contends that the trial court abused its discretion by ordering that his sentence in this case run consecutively to that of any parole revocations. Mason argues that while the trial court has discretion to cumulate sentences, its discretion is not without limitations. Mason states that the trial court's decision to order consecutive sentences "should be firmly grounded in the facts and evidence of the case, the circumstances of the case, the personal circumstances of the defendant, and the nature of the crime" and that the trial court is not authorized to cumulate a sentence with a parole revocation.

We disagree with Mason that the trial court abused its discretion in its decision to cumulate. Under article 42.08(a) of the Code of Criminal Procedure, when a defendant has two or more convictions,

> in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases.

TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2013). A trial court has the authority under this article to stack a new sentence onto a prior sentence for which the defendant is then on parole. *Hill v. State*, 213 S.W.3d 533, 538 (Tex. App.—Texarkana 2007, no pet.); *Wilson v. State*, 854 S.W.2d 270, 273 (Tex. App.—Amarillo 1993, pet. ref'd); *Jimenez v. State*, 634 S.W.2d 879, 881-82 (Tex. App.—San Antonio 1982, pet. ref'd).

The State acknowledges, however, and we agree, that the judgment, as entered, does not contain sufficient information to allow the Texas Department of Criminal Justice (TDCJ) to cumulate the sentences. A cumulation order should contain five elements describing the prior convictions: (1) the trial court number, (2) the trial court name, (3) the date of conviction, (4) the term of years, and (5) the offense of conviction. *Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986). The inclusion of all of the elements is not mandatory, but there must be enough information included in the judgment from which corrections officials may know precisely when the defendant's sentence is to begin. *Id.* As stated above, the judgment in this case merely provides: "This sentence is to be served consecutive with any other sentences and parole revocations, beginning after the other sentences are completed."

The State requests that we reform the judgment and sentence to include the proper language of the prior conviction. If we have the necessary data and evidence before us for reformation, we may reform the judgment and sentence on appeal. *Id.* at 462.

During the punishment phase of the trial, Mason entered a plea of true to the enhancement paragraphs that were alleged in the indictment. The judgments for each of those prior convictions were admitted into evidence without objection. One was a 2006 judgment against Mason in Cause No. 00-00-30241-CR in the 13th District Court of Navarro County for possession of a penalty-group 1 controlled substance, in an amount of over four grams but under 200 grams, with intent to deliver, for which Mason received fifteen years' imprisonment. The other involved a delivery-of-a-controlled-

substance case for which Mason had received six years' imprisonment in 1993; therefore, the judgment and sentence imposed in that case has "ceased to operate." Additionally, during the punishment phase, the judgments from several other prior convictions were also admitted into evidence, but the judgments and sentences imposed in those cases have also "ceased to operate."

Based on the foregoing, we therefore modify the judgment and sentence so that the punishment of sixty-eight years' confinement in this case shall begin when the judgment and sentence from the 13th District Court in Navarro County in Cause No. 00-00-30241-CR for possession of a penalty-group 1 controlled substance, in an amount of over four grams but under 200 grams, with intent to deliver, whose sentence is fifteen years' imprisonment, shall have ceased to operate.

### Cumulative Error

In his seventh issue, Mason contends that the cumulative effect of the foregoing errors warrants a reversal. We disagree. The Court of Criminal Appeals has stated, "It is conceivable that a number of errors may be found harmful in their cumulative effect." *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999). But the *Chamberlain* court continued that non-errors may not in their cumulative effect cause error. *Id.* Because we have not concluded that the trial court erred in this case, other than that the judgment did not contain sufficient information to allow the TDCJ to cumulate the sentences, which we have reformed, we overrule Mason's seventh issue.

## Conclusion

We modify the trial court's judgment such that the following statement, "This sentence shall begin when the judgment and sentence from the 13th District Court in Navarro County in Cause No. 00-00-30241-CR for possession of a penalty-group 1 controlled substance, in an amount of over four grams but under 200 grams, with intent to deliver, whose sentence is fifteen years' imprisonment, shall have ceased to operate," is substituted for the statement, "This sentence is to be served consecutive with any other sentences and parole revocations, beginning after the other sentences are completed." We affirm the trial court's judgment as modified.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as modified
Opinion delivered and filed October 9, 2014
Do not publish
[CRPM]





RYAN K. MASON #1880542
J.V. ALLRED UNIT
2101 FM 369N
IOWA PARK, TX 76367

UNITED STATES POSTAGE
PITNEY BOWES
$ 002.03
02 1P
0001918654    JAN 03 2015
MAILED FROM ZIP CODE 76651

RECEIVED
JAN 05 2015
COURT OF APPEALS
WACO, TEXAS

COURT OF APPEALS - TENTH DISTRICT OF TEXAS
MCLENNAN COUNTY COURT HOUSE
501 WASHINGTON AVENUE, ROOM 415
WACO, TEXAS 76701-1373